HESTER A. BAUGHMAN, Respondent, v. NATIONAL WATERWORKS COMPANY OF NEW YORK, Appellant.

Kansas City Court of Appeals, May 28, 1894.

1. **Trial Practice**: NEW TRIAL: DISCRETION OF COURT. The trial court of its own motion under its common law power is authorized at any time during the term to set aside the verdict for any good reason.

2. ———: ———: ———: APPELLATE PRACTICE. In revising the discretion of a trial court and ordering a new trial, the appellate court will examine the ground set forth in the order granting a new trial, if it be different from those specified in the motion for a new trial, and if the order can not be upheld on such ground the appellate court will go further and examine the grounds in the motion, and if they do not justify the order the court must go still further and examine the record proper and if nothing then appears to warrant the order, it will reverse the order.

3. ———: ———: REMITTITUR. Where the verdict for the defendant for $125 is not supported by the pleading, and the court on its own motion is about to set the same aside and the defendant offers to remit the $125, it is error for the court to proceed and set the verdict aside.

**4. Appellate Practice:** ERROR: PRESUMPTION AS TO PREJUDICE. When error is shown, the law supports and attaches as a consequence prejudice and the judgment will be necessarily reversed, unless the record clearly rebuts the presumption of prejudice; and the statute does not encroach upon this presumption, but supplements it with a practical definition that the error must materially affect the merits. In this case the error is judicial.

*Appeal from the Jackson Circuit Court.*—HON. JNO. W. HENRY, Judge.

REVERSED AND REMANDED *(with directions).*

*Karnes, Holmes & Krauthoff* for appellant.

(1) It was competent for the jury to find for the defendant upon one count and for the plaintiff upon the other counts of the petition. Consequently, it was also competent for the court to sustain the defendant's motion for a new trial as to the counts upon which the verdict was adverse to it, leaving the verdict upon the first count in full force. The finding upon each of the counts must be considered by itself. Error which induced a given finding on one count furnished no authority for setting aside the verdicts on other counts. The result of these views is that a party defeated with reference to one count, may appeal from the adverse judgment affecting that count, although there is no appeal by either party from the judgment or order upon the other counts. *Needles v. Burke*, 98 Mo. 474; *Boeger v. Langenberg*, 97 Mo. 390; *Sparks v. Dispatch Transfer Co.*, 104 Mo. 531, 548; *State ex rel. Ozark Co., v. Tate*, 109 Mo. 265, 270. (2) Adopting these views to their fullest extent, the court below sustained the defendant's motion for a new trial, which was addressed and confined to the verdict on the second, third and fourth counts. The plaintiff did not move for a new

trial in so far as the verdict was adverse to her, but upon the hearing of the defendant's motion for a new trial, it was urged that the verdict as to that count was informal, in that it was not responsive to the issues. The court below so ruled, and upon its own motion set the verdict aside as to the first count also: The verdict is not a model one, either in form or substance, but, under well-settled rules, is sufficiently definite, and should have been upheld. Under the rules there announced, the verdict should have been treated by the court as if the clauses had been omitted: *Cattell v. Dispatch Pub. Co.*, 88 Mo. 356, 359; *Bird v. Thompson*, 96 Mo. 424, 429; *Bosse v. Thomas*, 3 Mo. App. 472, 479; *Acton v. Dooley*, 16 Mo. App. 441, 449; *Hannibal Bridge Co. v. Bowling*, 53 Mo. 311, 312; *McCormick v. Hickey*, 24 Mo. App. 362, 368; *Taylor v. Short*, 38 Mo. App. 21, 29; *Ryors v. Prior*, 31 Mo. App. 555, 562; *Henley v. Arbuckle*, 13 Mo. 209, 211; *Rembaugh v. Phipps*, 75 Mo. 422, 424; *Hoyle v. Farquharson*, 80 Mo. 377, 378; 2 Thomp. on Trials, section 2642. (3) The real purpose of the jury is thus readily ascertained and clearly disclosed. In the absence of a counterclaim it was wrong to award the defendant the $125, but the *remittitur* tendered by the defendant made this "error without prejudice." *McCormick v. Hickey*, 24 Mo. App. 362, 369; *Jackson v. Tozer*, 26 Atl. Rep. (Pa. 1893), 226. (4) Instead of awarding a new trial, because the jury undertook to award defendant a recovery which it had not asked by counterclaim, the court should have followed the established rule of procedure in such cases, and treated the award of $125 as surplusage. "We, the jury, find for the defendant on the first count." *Dozier v. Jerman*, 30 Mo. 216, 221; *State ex rel. v. Knight*, 46 Mo. 83; *Ranney v. Bader*, 48 Mo. 539, 541; *Hancock v. Buckley*, 18 Mo. App. 459, 465.

*McDougal & Sebree* and *Porterfield & Pence,* for respondent.

(1) Appellant does not seriously dispute the power of the court to grant a new trial of its own motion, upon the suggestion of error, even after the lapse of the time allowed the parties to file a motion for that purpose, nor could such a contention be sustained in view of the numerous decisions affirming that power. *Williams v. Circuit Court,* 5 Mo. 248; *Richmond v. Wardlow,* 36 Mo. 313; *State ex rel. v. Adams,* 84 Mo. 310, 314; *Nelson v. Ghiselin,* 17 Mo. App. 663, 664, 665; *Fannon v. Plummer,* 30 Mo. App. 25; *Carr v. Dawes,* 46 Mo. App. 351, 357, 358; *Lovell v. Davis,* 52 Mo. App. 342, 347; 1 McQuillin's Pl. & Pr., sec. 903. (2) The only question then is, was the power in the present instance unlawfully or oppressively exercised. *Nelson v. Ghiselin, supra*; *Fannon v. Plummer, supra*; 2 McQuillin's Pl. & Prac., sec. 2068, and cases cited. (3) The appellate court in reviewing the action of the trial court in granting a new trial is not confined to the grounds stated in the order of the court granting the new trial. *Lovell v. Davis,* 52 Mo. App. 342; *Hewitt v. Steele,* 24 S. W. Rep. (Mo.) 440, 443; 2 McQuillin's Pl. & Pr., sec. 2068, and numerous cases cited; *Brand v. Cannon,* 24 S. W. Rep. (Mo.) 434; *State ex rel. v. Rombauer,* 44 Mo. 590.

SMITH, P. J.—Plaintiff sued defendant and stated her complaints in a petition containing four counts. The result of the trial of the issues was the following verdict: "We, the jury, find for the defendant on the first count in the sum of $125, without interest; and we find for the plaintiff on the second count in the sum of $300, and on the third count the sum of $150, and

on the fourth count the sum of $500, and an additional amount of $250, and that the defendant pay all costs."

Afterwards, within four days, the defendant filed a motion for new trial on the second, third and fourth counts. Plaintiff did not file a motion for new trial as to the first count. Afterwards, and during the term, the motion for new trial as made by defendant was sustained and the court at the same time (of its own motion) set aside the verdict as to the first count over defendant's objection, the defendant offering to enter a *remittitur* for the $125, allowed it by the jury. The defendant appealed from this order setting aside the verdict as to the first count.

It is conceded that the jury were not authorized by the issues made by the pleadings to award damages to the defendant on the first count of the plaintiff's petition and in that regard the verdict was manifestly erroneous. The trial court of its own motion under its common law power was authorized at any time during the term to set aside the verdict for that or any other good reason. But when this ground of objection was suggested by the court to it the defendant offered to remit the damages awarded to it by the jury and thus to obviate the objection of the court, but notwithstanding the defendant's offer the court set aside the verdict. After the offer of the defendant to remit, the verdict for it was no longer subject to the objection which the court had suggested. It was then no more than simply a verdict for defendant on the first count of the petition. It negatived the facts alleged in that count. In revising the discretion of a trial court in ordering a new trial we are authorized first, to examine the ground set forth in the order of the court if it be for a ground or grounds other than those specified in the motion of the party assailing the verdict, and if the order can not be upheld on that ground or grounds then we are authorized to

go further and examine the grounds of the motion, and if we find nothing there to justify the order we may go still further and examine the record proper and if nothing there appears to warrant the order we must reverse it. *Lovell v. Davis*, 52 Mo. App. 342.

In this case, as has been stated, the plaintiff filed no motion to set aside the verdict so we have not the objections of such motion to examine. And since the objection of the court recited in the order was met by the offer to remit, it only remains for us to look into the other parts of the record proper for a ground to uphold the order, but it is needless to say that nothing of the kind is there perceived or even suggested by the plaintiff. But the plaintiff contends that even if the action of the court was erroneous it was not prejudicial to the defendant.

In *Bindbeutal v. Railroad*, 43 Mo. App. 463, it was ruled by us that when error is shown in the record the law supplies and attaches the consequence of prejudice and the judgment will be necessarily reversed, unless the party claiming the benefit of the judgment shows from the record that which clearly rebuts the presumption of prejudice; and that the statute does not encroach upon this presumption, but rather supplements the rule with a practical definition, that the error must materially affect the merits.

In this case the defendant had the verdict of the jury in its favor on the constitutive facts alleged in the first count of the plaintiff's petition and it can not be said that the error of the court in ordering this set aside was not prejudicial to the defendant. The action of the court was not only error, but it was such prejudicial error as calls for interference by us therewith. Accordingly the order of the court setting aside the verdict will be reversed and cause remanded with directions to that court to permit the defendant to enter

the *remittitur* of the amount found by the jury in its favor and then to enter judgment on the verdict for defendant on the first count of the petition. All concur.