## CHAS. E. NULTON et al., Appellants, v. JOSIAH H. CROSKEY, Respondent.

**Kansas City Court of Appeals, February 27, 1905.**

1. **CONTRACTS: Construction: Instruction: Digging Well.** An instruction which leaves the jury to determine whether a plaintiff has complied with his contract without directing them that they should find all the facts necessary to authorize a recovery under said contract, is improper; and a contract for digging and casing a well is not performed until the well is cased as well as dug and furnishes the required quantity of water when so cased.

2. **TRIAL AND APPELLATE PRACTICE: New Trial: Statute: Common Law.** Section 800, Revised Statutes 1899, is not the only authority of a court to grant a new trial, but the court has a common-law power to make such order for good reason on its own motion or at the suggestion of a party; and when the order granting a new trial is justified by the record the appellate court will not interfere with the direction of the trial court.

3. **CONTRACTS: Construction: Digging Well: Supply of Water.** Under a contract in evidence the plaintiff performed his contract when he dug and cased the well and it furnished the required quantity of water and he did not insure a permanent supply of water.

Appeal from Schuyler Circuit Court.—*Hon. N. M. Shelton*, Judge.

AFFIRMED.

*C. C. Fogle* for appellant.

(1)    There were no exceptions taken and saved at the time by defendant to plaintiffs' instructions. Exceptions must be taken to the giving of instructions at the time they are given. Blashfield on Instructions to Juries, p. 825, secs. 368 and 369; State v. Meyers, 99 Mo. 107; State v. Rambo, 95 Mo. 462; State v. Wood-

ward, 171 Mo. 593; Lefkow v. Allred, 54 Mo. App. 141; State v. Hayden, 61 Mo. App. 662; Gordon v. Gordon, 13 Mo. 215. (2) In the motion for a new trial filed by the defendant the objection is made by the respondent for the first time that the court erred in giving instructions to the jury for the plaintiffs numbered 1, 2, 3, and 4. These were all plaintiffs' instructions given by the court so if all of plaintiffs' instructions taken together present the law of the case then the objection is not good or if instruction numbered one is wrong and is corrected by any of the others or by all of them then the objection is not good or if any of plaintiffs' instructions are correct then the objection is not good and the court erred in granting defendant a new trial. Blashfield on Instructions to Juries, p. 813; May v. Gamble, 14 Florida 467; Oltmanns v. Finley, 47 Neb. 289; Omaha v. McGavock, 47 Neb. 313; Blashfield on Instructions to Juries, p. 816, sec. 367. (3) This being an appeal from an order granting the defendant a new trial nothing can be considered by this court except the ground of the order for a new trial and that was "on account of error in instruction numbered one." And as there were no exceptions taken and saved to instruction numbered one the court erred in granting the defendant a new trial. Bradley v. Reppell, 133 Mo. 559. (4) A new trial should not be granted except for error that is prejudicial to the substantial rights of the complaining parties upon the merits of the case. The verdict of the jury in this case was plainly for the right party. The instructions taken together and considered as a whole presented the law of the case. Ittner v. Hughes, 133 Mo. 679.

*Higbee & Mills* for respondent.

(1) Plaintiffs' instruction numbered one was erroneous, misleading and prejudicial. Wernli v. Collins, 87 Iowa 548, 54 S. W. 365. (2) Plaintiffs' con-

tract, as pleaded and proven, was to drill and case a well that would furnish a sufficient supply of water for the stock on defendant's farm. The instruction, if they believe plaintiffs contracted simply to discover or find water and did so, was outside the issues. (3) The following modifying clause, "provided they otherwise complied with their contract" does not cure the error; it did not tell the jury what was a compliance with the contract.

BROADDUS, P. J.—The plaintiff's suit is to recover for alleged performance of a verbal contract substantially of the following import. On the 27th day of July, 1901, he agreed to drill and case a deep well for the defendant that would when completed furnish sufficient water for all purposes on defendant's farm, the sufficiency of which was to be determined by the sand pumps used in the excavation of said well, for which defendant was to pay him $1.10 per foot. It was also provided that defendant was to board plaintiff's teams and furnish fuel and water for the operation. The plaintiff drilled a well on defendant's farm to a depth of 255 feet which, when tested in the manner provided by the contract, seemed to have supplied the necessary quantity of water. But at the time it was tested the lower end of the well had not been cased. After having so tested the well, plaintiff proceeded to finish the casing, but was unable, on account of obstructions of some kind not definitely shown, to case the lower ten feet thereof. Defendant introduced evidence tending to show that in the condition plaintiff left the well he tried to pump water but the well failed almost entirely to furnish water in any quantity. The plaintiff's evidence tended to show that the well in all probability had been partially filled with dirt or other debris after he had quit work on it, as it was found that the top section of the casing had been removed. The jury returned a verdict for the plaintiff. Defendant filed a

motion for new trial which was sustained by the court, whereupon plaintiff appealed.

The court granted a new trial on the ground of error committed in giving instruction numbered one for plaintiff. Said instruction reads as follows:

No. 1. "Gentlemen. The plaintiffs base their claim to compensation for sinking the well in question on defendant's land upon a contract which they contend was to furnish water sufficient, when tested by the sand pumps on their machine, would supply the defendant's land with water sufficient to supply his farm, and claim further that they were to case the same and if they so furnished water when so tested they were to have $1.10 for each foot that they sunk the well, and that in pursuance with that arrangement they sunk the well 245 feet and discovered water sufficient when tested by their sand pump to supply the water as provided by said contract, now they claim they were not to be responsible for the future supply of water that might be provided by said well, but simply to discover or find water sufficient when tested by their sand pump to supply defendant's farm with water. Now if you believe and find from the greater weight of the evidence that the plaintiff contracted simply to discover or find a supply of water sufficient, when tested by the sand pumps, to water defendant's farm and that they did so discover or find it when so tested, then they would be entitled to recover in this action provided *they otherwise complied with their contract,* and your finding should be for them although you may find that said well did not continue to supply water for said farm."

The error in the instructions consists in that, the jury was left to determine whether plaintiff had complied with his contract without directing that they should find all the facts necessary to authorize a recovery upon said contract, as will be seen by reference to that part of said instruction italicised. It was the duty of plaintiff not only to drill, but also to case the well.

And the jury should have been so instructed. The well was not completed under the contract until it was cased. The test upon which plaintiff seeks to recover as to the sufficiency of the water was made as stated before the completion of the casing. It does not appear how this, ordinarily, could have made any difference, as the casing was perforated and the well would have furnished the same quantity of water after as before being cased. But it might have made a difference in this instance, as the lower ten feet was not cased, and it might have been that the flow of water was not found until the drill reached the lower depth—which the evidence tends to show became obstructed. It was therefore necessary that the jury should have been told that they should find that the well furnished a sufficient supply of water as then drilled and cased in order for the plaintiff to recover on his contract.

But the plaintiff insists that the defendant was not entitled to a new trial for the reason given, because he did not object or except to the giving of said instruction. Had the power of the court in granting a new trial been derived alone from section 800, Revised Statutes 1899, perhaps the court would not have been authorized to grant such new trial on motion of defendant, as the latter had made no objections and taken no exceptions to the giving of said instruction. But it is a common law power of a court for good reasons, of its own motion, or at the suggestion of a party, to grant a new trial. The question was fully discussed and the authorities cited in the case of State ex rel. v. Adams, 84 Mo. 310. And it can make no real difference, because the new trial was granted on motion of the party who was not in a condition to complain, as it was in fact the act of the court in the exercise of its discretion.

It was held by this court in Baughman v. Nat'l Waterworks Co., 58 Mo. App. 576: "In reviewing the discretion of a trial court and in ordering a new trial, the appellate court will examine the grounds set forth

in the order granting a new trial, if it be different from those specified in the motion for a new trial, and if the order can not be upheld on such ground the appellate court will go further and examine the grounds' of the motion, and if they do not justify the order the court must go still further and examine the record proper, and if nothing there appears to warrant the order, it will reverse the order.'' As the record shows that the order granting a new trial was justified, we do not feel authorized to interfere with the discretion of the court in making the same.

Defendant contends that under the contract the plaintiff was compelled not only to find a sufficient supply of water when the well was completed, but also, further, that such supply would continue for the future. But we are of the opinion that the contract does not justify such a construction. Plaintiff did not insure a permanent supply of water. If there had been a sufficient quantity according to the test at the time of the completion of the well, plaintiff would have fulfilled his contract. The action of the court in the premises is affirmed. All concur.