WILLIAM L. CHAMBERS et al., Respondents, v. A. E. ELLIOTT, Executor, Appellant.

**Kansas City Court of Appeals, February 5, 1912.**

1. **WILLS: Assault and Battery: Evidence.** An assault and battery of a·testator on a brother was introduced as evidence of his insanity. To rebut that the record of a justice of the peace showing the acquittal of the testator was offered, and it was held not to be admissible.

2. **NEW TRIAL: Deference to Trial Court.** An appellate court will more readily defer to the action of a trial court in sustaining a motion for new trial, than in overruling such motion.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*A. E. Elliott* for appellant.

*A. J. King* and *H. C. Clark* for respondent.

ELLISON, J.—This action involves the contest of a will on the ground of insanity of the testator. The verdict of the jury in the trial court was in favor of the validity of the will. A motion for new trial was filed and was sustained; whereupon defendant appealed from that order.

Two grounds were stated by the circuit court for granting a new trial. One of them was that error was committed in admitting improper evidence. The record of a justice of the peace showing that the testator was acquitted of a charge of assault and battery on his brother Lewis, was allowed to be introduced over the objection of plaintiffs. As a part of the evidence to show insanity, testimony that the testator had made a violent assault on his brother was offered, and we assume that the record of the justice showing

his acquittal was to neutralize that showing. It was not competent evidence. If he was acquitted on the plea of self defense, that would not show that he was not insane. His very mode of defense might have disclosed a disordered mind. Furthermore, his acquittal might have been on the ground of insanity. It does not so appear, but it is not required that the record of trial before a justice shall state the cause of the acquittal. More than that, the chief witness to the assault said she did not see it, and an objection to her testimony on the ground of hearsay was sustained.

We defer to the trial court in granting a new trial, more than we do in refusing it. For, in the first instance, there is another opportunity for justice, while in the latter, the matter is ended unless there is interference by an appellate court. [Helm v. Bassett, 9 Mo. 52, 54; Howland v. Reeves, 25 Mo. App. 458, 467; Nulton v. Croskey, 111 Mo. App. 18.]

The judgment is affirmed. All concur.