## JOHN CASEY et ux. v. ST. LOUIS TRANSIT COMPANY, Appellant.

Division One, February 15, 1905.

ONE NEW TRIAL: Substantial Evidence. Where the case was submitted to the jury on fair instructions, and there was substantial evidence for both sides under which the jury might have found for either plaintiff or defendant, the Supreme Court will not hold that it was error to grant a new trial.

Appeal from St. Louis City Circuit Court.—*Hon. S. P. Spencer*, Judge.

AFFIRMED.

*George W. Easley* with *Boyle, Priest & Lehmann* for appellant.

The verdict was not against the weight of the evi-

dence. There was no evidence to sustain a verdict for the plaintiffs in this case. The evidence of the negro woman, Alice Reed, and the man, John Miller, given in its widest scope, could not entitle the plaintiffs to a verdict. If the evidence of Miller means anything, it means that the Casey boy was knocked off the car he was on by being struck by the passing car. How he got in that position is not explained. Nothing that Miller said tends to sustain a single allegation of the petition. Nothing that a single one of the witnesses for plaintiffs said proves, or tends to prove, negligent fast running. Not a single syllable of testimony in the case shows any shock to the car that could have thrown Casey against the gate. The shock described by Miller was a jolting up and down. The negro woman was in all probability not at the scene of the accident until after the boy fell. But she shows nothing to bear the construction that the boy was thrown against the gate, or that the gate was out of order, or insecurely fastened. If the plaintiffs' evidence stood uncontradicted, there was nothing in it requiring the submission of the issues made by the pleadings to the jury. We are not arguing against the use of a wise, judicial discretion in setting aside verdicts when the court judicially believes that they are in fact not sustained by the weight of the evidence. We are appealing from the abuse of that discretion.

*A. R. Taylor* for respondents.

The opinion of the trial court that the verdict was against the evidence and weight of the evidence, we submit, is correct and is not a mere arbitrary exercise of judicial discretion, and not based upon the idea of defendant's counsel that the verdict did "not suit the tastes or idiosyncrasies of the trial judge," but was rendered in the wise discretion of a just and conscientious judge, who had full opportunities to observe

the manner and demeanor of the witnesses; their readiness and willingness, or tardiness and unwillingness, if any, in answering upon one side or the other; the interest or want of interest, if any, shown on one side or the other; also as to whether the witnesses, or any of them, had any basis or feeling or showed any at the trial, and various opportunities of judging and estimating properly the testimony given at the trial. As stated in the opinion of our Supreme Court in the case of Baughman v. Fulton, 139 Mo. 559, ''Trial courts have large discretion in the matter of granting new trials, especially upon the weight of the evidence, and this court will not interfere with such discretion unless it be made to appear that it was improvidently exercised." Citing in support of this declaration: Hewitt v. Steele, 118 Mo. 463; Candee v. Railroad, 130 Mo. 142; Miller v. Madison Car Co., 130 Mo. 517.

BRACE, P. J.—The plaintiffs are husband and wife, and this action is brought by them to recover the statutory damages of $5,000 for the death of their minor son, John R. C. Casey, who, on the twenty-fourth of November, 1901, while a passenger on one of defendant's cars going west, was struck and killed by one of defendant's cars going east. There was a verdict for the defendant, and, thereafter, the court sustained plaintiffs' motion for a new trial, on the ground that the verdict is against the weight of the evidence, and the defendant appealed.

The undisputed facts are that the deceased was a passenger of the defendant, riding on the rear platform of one of its cars, going west on Clark avenue in the city of St. Louis; when falling therefrom, he was struck and killed by one of defendant's cars going east on said avenue.

The evidence for the plaintiff tended to prove that the deceased was standing on the rear platform of the

car on which he was a passenger, near the gate thereof; that the car was going at the speed of about twenty miles an hour, and was "jolting up and down," when the gate flew open, and defendant falling from the platform, through the opening thereby made, was immediately struck and killed by one of defendant's cars going east on its other track.

The evidence for the defendant tended to prove that after the deceased took passage upon defendant's west-bound car, and when the same was proceeding along Clark avenue, the deceased voluntarily got upon the rail or dash of the rear platform, and leaning around the southeast corner tried to turn the sign on the rear end of the car, when he fell from the dashboard to the street between the two tracks, and just as he fell was struck by the east-bound car and was killed; that the gate was closed at the time. There was a sharp conflict in the evidence. The case was submitted to the jury upon proper instructions, under which the jury might have found for the plaintiff or the defendant, and the verdict in either event would have had the support of substantial evidence. The law in such cases is well settled, and as declared in the most recent case in which the previous cases are cited is as follows: "The trial court has a discretion to grant one new trial, and this court will not interfere with its exercise of that discretion, however much it may disagree with that court upon such a ruling, where there is any substantial evidence to support it, unless the case is such that no verdict in favor of the party to whom the new trial is granted could ever be allowed to stand." [Fitzjohn v. Railroad, 183 Mo. 1. c. 78.] Applying this rule to the case in hand, the order of the circuit court granting a new trial on the ground stated is affirmed. All concur.