# MACK S. PHELPS v. CONQUEROR ZINC COMPANY, Appellant.

### Division One, March 31, 1909.

1. **NEGLIGENCE: Instruction: Assumption of Fact.** An instruction is not erroneous in that it assumes the existence of a fact, if all the evidence in the case shows it did actually exist.

2. ————: ————: **No Evidence of Defect: Not Preserved in Record.** It will not be held on appeal that there was no evidence which tended to prove that the hole or flaw in the piece of machinery so weakened it as to render it unsafe and dangerous to persons working about it or to justify an instruction submitting that issue to the jury, where the piece of machinery itself was introduced in evidence and the testimony shows there was a hole or flaw in it, but that piece of machinery is not preserved in the record for examination by the court. In such condition appellant is in no position to insist that the hole or flaw did not so weaken the machinery as to render it unsafe.

3. ————: **Flaw in Machinery: Knowledge.** Where there was substantial evidence that a part of the flaw or defect in the machinery was not concealed from view and could have been discovered by the company by the exercise of ordinary care in observing it, and that it broke right through the flaw, and the court in a proper instruction submitted to the jury the issue of defendant's negligence in furnishing its servant with a defective or dangerous appliance, their finding for plaintiff is binding upon defendant and the court on that issue.

4. ————: ————: **Usual Construction.** It is competent to permit plaintiff to show that the piece of machinery which caused the injury was invariably fastened in another way, as a circumstance going to show that the defect complained of was dangerous. But under the circumstances of this case it was wholly immaterial as to what was the usual and safest way of fastening the wheel to the axle.

5. ————: **Damages: Instruction: Elements: "Facts and Circumstances in Case."** The instruction on the measure of damages correctly directed the jury to take into consideration the various elements of the injury, "together with all the facts and circumstances in the case, and assess the damages at such. sum as from the evidence you may deem proper," not exceeding, etc. *Held,* that the quoted words did not give the jury a roving commission to allow plaintiff additional damages for matters not contributing to just compensation, but limited the damages to "the evidence."

6. ————: **Excessive Verdict: $7,500.** Plaintiff's skull was badly fractured, the wound being six or seven inches in length and about two in width; several pieces of the skull had to be removed at different times; a portion of the brain was crushed and had to be removed; his head is disfigured, and his injuries permanent. *Held,* a verdict for $7,500 is not excessive.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

AFFIRMED.

*Perkins & Blair* and *A. E. Spencer* for appellant.

(1) The court committed error prejudicial to defendant in giving instruction 2 at the request of plaintiff and over the objection of defendant. Plaintiff's evidence tended to prove that after the accident the pieces of the shaft disclosed a hole therein without any showing of what caused the hole—whether the fall down the shaft or something else. From this plaintiff deduced that the hole existed before the accident. Also that the broken parts did not disclose any key. The evidence for defendant tended to prove that the shaft was made and purchased keyed to the hub, and had no defect or hole. All the evidence was that the key-seat was cut to the usual and proper depth and size. Plaintiff's witness, King, so testified on examination by counsel for plaintiff, and there is no evidence to the contrary. Hence, there is no evidence whatever upon which the jury could find that the hole in the shaft was cut for a key-seat, but was cut too large and too deep,

in proportion to the size of the shaft. This instruction is erroneous. (a) Because it assumes the existence of a hole in the shaft, while the evidence on that question was conflicting, and (b) because it submits to the jury the question whether the hole was made or cut for a key-seat and was cut too large and too deep, when there is no evidence whatever on which to base such an instruction. Wojtylak v. Railroad, 188 Mo. 260; Chambers v. Railroad, 111 Mo. App. 609; Fisher v. Railroad, 198 Mo. 562; American Storage & Moving Co. v. Railroad, 120 Mo. App. 410; Harrison v. Lakeman, 189 Mo. 581. This instruction is also error because it submits to the jury the question whether the hole, cut for a key-seat, was cut too large and too deep, and also whether defendant, by the exercise of reasonable care, could have discovered this. The evidence is all one way, that if the shaft was delivered keyed in, there was no way for defendant to ascertain the depth of the key-seat, except to take the sheave wheel off the shaft, and then return it to the manufacturer to be replaced. It is not disputed that the dealer from whom the wheel and axle were purchased was a reputable dealer in such articles, and that the wheel and axle were standard in size. Hence, the defendant was not bound to search for hidden, latent defects, but was justified in assuming that in the manufacture proper care had been taken, and that as delivered they were in fair and reasonable condition for use. Carlson v. Phoenix Bridge Co., 132 N. Y. 273; Clyde v. Railroad, 65 Fed. 482; Railroad v. Elliott, 149 U. S. 266; Roughan v. Co., 161 Mass. 24; Doyle v. White, 9 App. Div. 521; Kaye v. Hosiery Co., 51 Hun 519; Carlson v. Bridge Co., 55 Hun 485; Prentice v. Village, 21 N. Y. Supp. 820; Ballard v. Co., 51 Hun 188; Deane v. Co., 5 Col. App. 521; Reynolds v. Merchants Woolen Co., 168 Mass. 501; Fuller v. Railroad, 175 Mass. 424; Shea v. Wellington, 163 Mass. 364; Ganagan v. Co., 158 Mass. 596; Allison Mfg. Co. v. McCormick, 118 Pa. St. 519. (2) The court erred

in giving for plaintiff instruction 4 on the measure of damages. This instruction directs the attention and consideration of the jury to all the possible elements to be considered, but fails to advise them of the ultimate object to be attained by considering the evidence as to such elements. They were not told that, after considering the evidence on the several elements of the damage, they should award such sum as they believed would reasonably compensate plaintiff therefor, but were improperly told to assess the damage at such sum as they might deem proper. The court first directed them to every possible element of damage, and then told them to consider all the facts and circumstances in the case. This necessarily meant to them that, in measuring the damages, they were to consider the evidence as to the exhaustive list of elements thereof, and also all the other evidence. Hawes v. Stock Yards Co., 103 Mo. 66; Camp v. Railroad, 94 Mo. App. 272; McGowan v. Ore & Steel Co., 109 Mo. 518; Browning v. Railroad, 124 Mo. 55; Barth v. Railroad, 142 Mo. 555; Smith v. Fordyce, 190 Mo. 30.

*Thomas Dolan* and *L. P. Cunningham* for respondent.

(1) There was evidence that the hole in the shaft was a flaw that caused the shaft to break and the sheave wheel to fall and injure plaintiff. The preponderance of the evidence was that it was a flaw in the shaft that caused it to break, and whether or not there was a flaw or hole in the shaft that weakened it and caused it to break and fall, injuring the plaintiff, was appropriately submitted in instruction 1 for plaintiff, to the giving of which appellant does not complain. The broken pieces themselves, as they appeared at the time of the accident, with part of a hole in that part of the shaft that remained in the hub, and part in the piece that broke off from it, shows such a state of physical facts

that preclude such a theory that the fall down the shaft should have caused the hole. The jury had before them these pieces, as well as the testimony of the witnesses, as to their appearance after the accident. This was sufficient. Bartley v. Trorlicht, 49 Mo. App. 225; Root v. Railroad, 195 Mo. 364. (2) (a) If a key-seat had been cut in the shaft too wide and too deep, so as to render it defective, whether or not defendant could, by the exercise of reasonable care, have discovered this, was a proper issue to submit to the jury; and (b) even if improper, defendant, having caused trial court to submit same issue in instructions given at its instance, cannot complain. (3) (a) Instruction 4 for plaintiff on measure of damage is not improper. (b) Even if it was, defendant, not having pointed out the proper elements of damages, nor asked any instruction modifying said instruction, cannot now complain. Browning v. Railroad, 124 Mo. 55.

WOODSON, J.—The plaintiff instituted this suit in the circuit court of Jasper county to recover the sum of $20,000 damages for personal injuries sustained by him through the alleged negligence of defendant in furnishing him with defective and dangerous pieces with which to work. A trial was had before the court and a jury which resulted in a verdict and judgment for plaintiff for the sum of $7,500. From that judgment the defendant duly appealed to this court.

The material portions of the petition are as follows:

"That the rock and earth from said mine was raised in tubs and lowered back into the mine, through said shaft, by means of a cable drawn over an iron pulley by a hoisting apparatus which was propelled by steam power applied and controlled by levers and brakes, manipulated by hand. That it was the duty of the plaintiff, as hoisterman, to manipulate said levers and

brakes, thus hoisting and lowering said tubs. That the iron pulley, before mentioned, was fixed in a derrick directly over the center of said shaft, and overhead the plaintiff when at his post as hoisterman, and revolved with an iron or steel axle or shaft to which it was fastened.

"But plaintiff states that the defendant negligently furnished him with an unsafe appliance with which to do hoisting, in this, that the iron or steel axle or shaft to which said pulley was fastened, and with which it revolved overhead the plaintiff, was dangerous and unsafe for said work in this: That said axle or shaft was weak and defective, and among other defects contained a hole or flaw which rendered it liable to break and fall from its place, thus endangering the life of the plaintiff. And said hole if it was a hole and not a flaw was so cut and placed in shaft or axle as to render said axle or shaft, on account of its small size compared with the size of said hole, weak and defective and not reasonably safe for the purpose for which it was used. That defendant, its agents and officers knew of said hole or flaw in said axle or shaft, and of its weak and defective condition, on account thereof, or, by the exercise of reasonable care might have known the same, in time to have same replaced, before the happening of the accident hereinafter mentioned.

"That on the 24th day of September, 1904, the plaintiff while in the performance of his duty as hoisterman for defendant, and while in the exercise of ordinary care, was lowering a tub by means of the hoisting apparatus aforesaid, when the said iron or steel axle or shaft, by reason of its defective condition and of the hole or flaw in the same, broke and fell with the pulley, striking the plaintiff on the head, breaking and crushing his skull so that much brain matter escaped from plaintiff's head, by reason of which the plaintiff

has suffered much bodily pain and mental anguish and has been confined for seven weeks to his room and has since said injury been unable to perform any labor; and that his head, by reason of said injury, has been permanently injured so that he suffers pain in his head, and his eye-sight is impaired, and his head scarred and disfigured, by reason of which he has been damaged in the sum of nineteen thousand five hundred dollars, and that on account of said injuries the plaintiff has been compelled to become liable to pay, and has paid to physicians and surgeons for professional attention to him, and for nursing and drugs and medicines, the sum of five hundred dollars.''

The answer is a general denial and a plea of contributory negligence. The reply denies the charge of contributory negligence.

The evidence in this case is voluminous, covering one hundred and fifty printed pages, and no useful purpose would be served by attempting to set out even the substance of it; but when necessary for a proper understanding of the legal propositions presented, we will state so much thereof as bears upon those questions.

The plaintiff introduced testimony tending to prove all of the allegations of the petition, while that of defendant tended to show that the shaft or axle complained of was reasonably safe for the purposes for which it was being used; that the defect therein complained of was latent and unknown to it; and that plaintiff was guilty of contributory negligence.

The court gave instructions for each party, submitting their respective theories of the case to the jury. The defendant objected and saved its exceptions to the action of the court in giving for plaintiff instructions numbered two and four, which read as follows:

''2.    Even though the jury may believe from the evidence that the hole in question in the shaft of the

sheave wheel was made or cut for a key-seat, yet if the jury further believe that said hole was cut too large and too deep compared with the size of said shaft and that said shaft or axle was thereby rendered weak and defective and insufficient and not reasonably safe for the purpose for which it was used; and if the jury further believe that defendant, its agents and servants knew, or by the exercise of reasonable care might have known of said hole in said axle or shaft and of the weak and defective condition of said shaft on account of the same (if you believe said hole rendered said shaft weak and defective) or by the exercise of reasonable care might have known the same in time to have prevented the injury to plaintiff; and if the jury further believe from the evidence that by reason of the weak and defective condition of said shaft on account of said hole so made and cut (if you believe the same was made and cut in said axle) that said axle broke and said sheave wheel fell from its place and struck and injured plaintiff, your verdict should be for the plaintiff.

"4. The court instructs the jury that if you find for the plaintiff, you will in assessing his damages take into consideration his age, his condition in life, the injury sustained by him, if any, the physical pain and mental anguish suffered and endured by him on account of said injury, if any; his loss of time, if any; such damages, if any, as you may believe from the evidence he may sustain in the future as the direct effect of such injury; together with all the facts and circumstances in the case and assess the damage at such sum as from the evidence you may deem proper, not exceeding nineteen thousand five hundred dollars, the amount sued for."

Defendant also objected and excepted to certain rulings of the court in the admission of testimony, which will receive consideration in the opinion.

I.   Appellant challenges the correctness of instruction numbered two given on behalf of respondent for the following reasons assigned:

First.   ''Because it assumed the existence of a hole in the shaft, while the evidence on that question was conflicting.''

Second.   ''Because it submits to the jury the question whether the hole was made or cut for a key-seat and was cut too large and too deep, when there is no evidence whatever on which to base such an instruction.''

We will consider those objections in the order stated.

As regards the first objection, even though it be conceded that the instruction assumes that the hole mentioned did exist in the shaft, yet that assumption would not render the instruction erroneous, for the reason that all of the evidence in the case shows that it did actually exist.   The testimony of respondent tended to prove that the hole was a flaw in the shaft, or a defect in its construction, and that of appellant tended to show that the hole was cut therein by the manufacturer as a key-seat into which a key had been driven for the purpose of fastening the sheave wheel to the shaft.   In passing upon this same question in the case of Davidson v. Railroad, 211 Mo. l. c. 357, this court said: ''Where the testimony is absolutely uncontradicted, and not a word of testimony offered to disprove the facts testified to by the witnesses, and during the progress of the trial it is made manifest to the judge presiding at the trial by the manner of the examination of the witnesses by counsel engaged in the cause that such facts are not to be treated as a real disputed question in the controversy, then, and in that case, the court would be authorized, without the commission of any error, in giving its instructions to the jury to assume the existence of such facts, which, during the

progress of the trial, counsel by their conduct and manner had indicated were not seriously in dispute." So hold all of the cases. [Sotebier v. Railroad, 203 Mo. 702; Pratt v. Conway, 148 Mo. 291-299; Taylor v. Iron Co., 133 Mo. l. c. 365.]

The .second objection to the instruction is based upon the contention that there was no evidence introduced which tended to prove that the hole or flaw in the shaft so weakened it as to render.it unsafe and dangerous for persons working about it. The evidence showed that the shaft was made of iron or steel and was something less than one and a half inches in diameter, which passed through the hub of a sheave wheel twenty-four inches in diameter, and was designed to carry a load weighing from one thousand to two thousand pounds.

The respondent's evidence tended to prove that there was a flaw or hole in the shaft which was so large that a man's little finger could have been inserted into it. While the record does not show the exact depth of the hole, yet counsel for respondent in oral argument of the case stated that it was about one-half inch in depth, and that if the court would examine the axle, which was introduced in evidence, it would substantiate his statement in that regard. While the record shows the shaft was introduced in evidence, yet it was not preserved therein and cannot, therefore, be inspected by the court. Upon this state of the record counsel for respondent contends that appellant is in no position to insist that there was no evidence introduced tending to prove. that the hole in the shaft was so deep and broad as to so weaken it as to render it unsafe and dangerous for persons working about it. In our opinion that contention is well taken. The law is well settled that before the defendant can successfully maintain that there was no evidence introduced at the trial to support the verdict of the jury, or upon which to base an instruction given by the court, it is incumbent upon him to bring, by the record, to this court all of .

the testimony introduced at the trial in order that we may view and determine what it does tend to prove or establish. The circuit court is a court of general jurisdiction, and, in the absence of a showing to the contrary, every presumption must be indulged in favor of the regularity and correctness of its acts and rulings. [State v. Brown, 75 Mo. 317; State v. Sivils, 105 Mo. 530.] We must, therefore, hold that instruction numbered two is not vulnerable to the assaults made upon it.

II. Appellant's next insistence is that the defect or flaw complained of in the shaft was latent, and that it had no knowledge of its existence, nor by the exercise of ordinary care upon its part could it have discovered the same; and having purchased the axle from a reliable manufacturer, it had a perfect right to presume that the shaft was free from all defects and was reasonably safe for the purpose for which it was being used.

As an abstract legal proposition that contention cannot be questioned, but it is unavailing to appellant on this appeal, for the reason that while there was testimony tending to support that contention, yet there was also substantial evidence introduced tending to show that the shaft broke just at the end of the hub of the sheave wheel and right through the center of the flaw or hole, and that while one-half of the hole was covered and concealed from view by the hub, the other half extended beyond the hub and could have been readily discovered by defendant had it exercised ordinary care in observing the shaft. Under proper instructions the court submitted that issue to the jury, and they found for the respondent and against the contention of appellant. That finding is binding upon the appellant and is controlling upon this court. We must, therefore, hold that appellant was negligent in furnishing

respondent with the defective and dangerous appliances with which to work and that his injury was the result of that negligence. And especially is that true since the jury under proper instructions found respondent was free of contributory negligence.

III.   It is contended by counsel for appellant that the trial court erred in admitting over his objection testimony tending to prove that key-seats were not ordinarily cut in shafts of the size of the one involved in this case, and that it was not considered necessary to do so; also evidence tending to show that where a set-screw is used a key is not used.

In order to correctly understand this contention, it will be necessary to state the respective positions of counsel for appellant and respondent regarding the defect complained of in the petition. Appellant contends that the so-called defect was in fact a key-seat or groove cut by the manufacturer lengthwise of the shaft with a corresponding groove cut into the hub of the sheave wheel, into which an iron wedge or key was to be driven for the purpose of fastening the wheel to the shaft, and that such was the usual mode by which such fastenings were made, and that such mode was reasonably safe. Upon the other hand, counsel for respondent contended that the defect complained of was a flaw in the shaft and in order to support that contention introduced the testimony objected to for the purpose of showing the wheels upon shafts of that size were not secured by that means but were invariably fastened by means of set-screws, and that such was the proper and safe mode of securing them thereto. In the light of those contentions we are clearly of the opinion that the testimony was properly omitted, for the reason that if such wheels and shafts were never constructed so as to be fastened together by means of a key or wedge, then that fact would be a circumstance tending to show that the defect com-

plained of was a flaw in the shaft and not a key-seat cut for the purpose of keying the shaft to the hub.

But conceding for the sake of the argument that the admission of that testimony was erroneous, yet we are unable to see in what possible manner it could have prejudiced the rights of the appellant, for the reason the petition alleges that the defect complained of was either a flaw in the axle or a hole cut therein for the purpose of keying the wheel to the shaft, and that whichever it was the shaft was so weakened thereby that it was rendered unsafe and dangerous to persons employed to operate the hoist; and this record abounds in evidence tending to prove those allegations. The important question was not as to what caused the defect in the axle, but the question was, did the defect, which all the evidence showed did exist, render it unsafe and dangerous? This question we have answered in the affirmative in paragraph two of this opinion.

Under that state of the pleadings and evidence it was wholly immaterial as to what was the usual and safest way of fastening the wheel to the axle.

IV. The next error assigned by counsel for appellant is lodged against instruction numbered four given on behalf of respondent.

That instruction related to the measure of damages; and, after correctly calling the jury's attention to the various elements of the injury to be considered in fixing the amount of their verdict, it used this additional language: "Together with all the facts and circumstances in the case, and assess the damages at such sum as from the evidence you may deem proper." The contention of respondent is, that the instruction without the quoted words embraced all of the elements of the injury which the jury should have considered in fixing just compensation for the injury, and that by the use of the quoted clause the

instruction gave the jury a roving commission to allow him additional damages for matters not contributing to just compensation, and thereby increased the amount of the verdict beyond actual compensation for the injuries sustained.

The instruction may technically be open to that criticism, but when we consider that the criticised clause limits the amount of the verdict to "such damage as from the evidence they deem proper," as shown by all the "facts and circumstances in evidence," then we are unable to see in what manner any substantial injury was thereby done to appellant, for evidently the jury must have considered the general clause following the specific elements of damage mentioned referred to like elements, and if the evidence failed to disclose such additional elements, then clearly the jury under that instruction could not have allowed any sum therefor, and, consequently, it could not have worked prejudicially to the rights of appellant. This is the view this court has taken of several instructions given in similar cases, notably in the case of Harmon v. Donohoe, 153 Mo. 263, 1. c. 275, where the identical language was used.

We must, therefore, rule this contention against appellant.

V. It is finally insisted by counsel for appellant that the amount of the verdict is excessive. The undisputed testimony showed that respondent's skull was badly fractured, the wound being six or seven inches in length and about two inches in width, that several pieces of the skull had to be removed at different times, that a portion of his brain was crushed out and had to be removed, that his head is disfigured, and that his injuries are permanent. For those injuries the jury awarded him the sum of $7,500.

In the case of Beave v. Railroad, 212 Mo. 331, the injuries sustained by the plaintiff were almost identical

with those received by the respondent in the case at bar, greater, if any difference, to respondent. In that case this court said that "a verdict of $7,500 is very reasonable." We must, therefore, hold that the verdict in this case is not excessive.

Finding no substantial error in the record, the judgment, in our opinion, should be affirmed. It is so ordered.

All concur.