A. W. HAWVER, Respondent, v. SPRINGFIELD TRACTION COMPANY, Appellant.

Springfield Court of Appeals, February 6, 1911.

1. NEW TRIAL: Discretion of Trial Court: Weight of Evidence: Appeal and Error. Trial courts have large discretionary powers in granting one new trial under the statute. (Section 725, R. S. 1899), especially where the weight of the evidence is involved and an appellate court will not interfere with such discretion unless it appears to have been unwisely exercised as to amount to an abuse thereof.

2. ———: ———: ———. In a case where the trial court sustained a motion for a new trial on the ground that the verdict was against the weight of the evidence, the evidence is examined and held that the trial court did not abuse its discretion in granting such new trial.

Appeal from Greene Circuit Court.—*Hon. James T. Neville*, Judge.

AFFIRMED.

*Delaney & Delaney* for appellant.

(1) The court abused a sound discretion in the light of the evidence and the instructions given in setting aside the verdict. The evidence clearly precludes recovery by plaintiff under the law. An analysis will fail to show any great conflict in evidence, but even if there be such conflict, substantial evidence sustains the verdict. There is nothing to indicate mistake or passion in the verdict. Lomax v. Electric Co., 119 Mo. App.

200; Richardson, Curator v. Fire Brick Co., 122 Mo. App. 529; Pritchard v. Hewitt, 91 Mo. 547; Leahy v. Davis, 121 Mo. 227; Dowd v. Air Brake Co., 132 Mo. 579. (2) Trial judges have no more right to invade the province of a jury and disturb a verdict than has an appellate court unless it appear from the evidence that the verdict is arbitrary, or manifestly and clearly wrong, or that it is the result of passion, prejudice or through misconduct on the part of the jury. Only where such a condition appears will the action of a trial court in setting aside a verdict be sustained. Burdict v. Railroad, 123 Mo. 221; Reed v. Ins. Co., 58 Mo. 421; Price v. Evans, 49 Mo. 396; Lockwood v. Ins. Co., 47 Mo. 50; Woolfolk v. Tate, 25 Mo. 597; Chouquette v. Electric Co., 152 Mo. 257; Edwards v. Railroad, 82 Mo. App. 478.

*Mann, Johnson & Todd* for respondent.

That this court will conclude upon a reading of the evidence that the great weight and preponderance of the same on this issue is in favor of plaintiff, we have no doubt. In this view of the case it was manifestly not only the right, but the duty of the trial court to grant plaintiff a new trial. Taylor v. Railway, 163 Mo. 191; Gould v. St. John, 207 Mo. 631; Johnson v. Grayson, 130 S. W. 676.

NIXON, P. J.—This case is here on an appeal by defendant from an order of the circuit court of Greene county granting plaintiff a new trial on the ground that the verdict of the jury in favor of defendant was against the weight of the evidence.

The petition charges that plaintiff while operating his automobile on South street in the city of Springfield, Missouri, and while attempting to get from South street into Pickwick street (or alley), stopped his machine on the east side of South side with the rear wheels across the track of the defendant's street railroad to permit certain vehicles to pass out of Pickwick alley; and while

in said position, exercising due care on his part, the servants of the defendant in charge of one of its street cars negligently ran upon and greatly damaged said automobile, when said servants saw or by the exercise of ordinary care might have seen said autombile standing on said track in time to have avoided a collision by stopping said car. The prayer is for damages in the sum of seven hundreds dollars.

The testimony of the plaintiff was that he conducted a jewelry store on South street, located a short distance from the intersection of South street and Pickwick alley; that on the morning in question, he came north on South street in his automobile and stopped the machine in front of his store, went into the store, came out and looked down South street for cars and saw none though one could see about three blocks; that he intended to go into Pickwick alley and backed his machine some thirty feet south; that this alley was narrow—"fifteen feet wide between the curbs and only ten feet wide between the gutters where the water runs down into the gutter at each side"—and as two vehicles were coming down the alley toward South street, he stopped and waited two or three minutes; that the front of his machine was turned toward the northeast; that the space between the east curb on South street and the east rail of defendant's track was seventeen feet seven inches, and that his automobile was eleven feet six inches in length; that the left back wheel was on the east rail of the track; that as the second vehicle was emerging from the alley into South street, the street car struck the back of his automobile, an 1800-pound machine, smashing the body, wrecking the frame, wrenching two of the wheels and demolishing one, ruining the tire, or casing, breaking one spring, and smashing the lamps as they were jammed into a buggy; that the force of the impact moved the automobile clear around—twenty-five or thirty feet—so that it faced southeast after the collision.

E. L. Maurice, a witness for the plaintiff, testified that he was in front of his store on South street some 200 or 300 feet south of Pickwick alley, and gave substantially the same evidence as to the position of the automobile, and stated that when the street car was within about 75 feet of the automobile he was watching it (the street car) and noticed there was no slack in the speed.

Dr. J. C. Matthews, called on behalf of the plaintiff, testified that when the street car was 200 or 250 feet from the back end of the automobile, the motorman sounded a vigorous alarm; that the street car was then running 8 or 9 miles an hour and never slacked, and he saw there would be a collision.

Orley Hawver, for the plaintiff, stated that he had had experience in running automobiles and had studied and observed to see how fast street cars were going, and he testified that he saw the car in question approaching the point of collision and that it was exceeding seven or eight miles an hour; that South street along the block in question is practically level, and that a car running at said rate of speed can be stopped within thirty to thirty-five feet.

Defendant offered the testimony of two witnesses. That of E. T. Munier went only to the question of the damage done to the automobile. The other witness in his deposition stated that he was the motorman on the street car in question; that he first saw the automobile when he was sixty feet from it and that it was about three feet from the east rail of the car tracks; that when he was thirty feet from the automobile it backed onto the track, and that to prevent a collision, he "reversed the street car and applied the brakes;" that his car, when sixty feet from the automobile, was moving at the rate of about two miles an hour, going very slow; that his car moved about six or eight feet after the collision and that he applied the brakes and did everything in his power to stop before the collision occurred; that

the brakes and appliances were all in good shape and the tracks were dry.

The law is that courts have large discretionary powers in granting one new trial under the statute (sec. 725, R. S. 1899), especially where the weight of the evidence is involved, and an appellate court will not interfere with such discretion unless it appears to have been unwisely exercised—so unwisely as to amount to an abuse thereof. [Johnson v. Grayson (Mo. Sup.), 130 S. W. 1. c. 676, and cases cited; Dent v. Springfield Traction Co., 145 Mo. App. 1. c. 66, 129 S. W. 1044.] We have given a fair statement of the evidence adduced at the trial and there is an entire absence of anything that would lead an appellate court, under the authorities cited, to hold that the trial court in this case so abused the discretion accorded it as to warrant a reversal. The judgment is therefore affirmed. All concur.