## H. F. HOPKINS, Appellant, v. CITY OF SPRINGFIELD, Respondent.

#### Springfield Court of Appeals, June 3, 1912.

1. **PRACTICE: Granting New Trial: Excessive Verdict.** In an action for personal injuries to plaintiff's hand, resulting from falling on a defective street crossing, the trial court set aside a verdict of $2500 on the ground that it was excessive. On the trial the plaintiff exhibited his hand to the trial judge. *Held*, that the trial judge had a much better opportunity to observe the extent of plaintiff's injury than did the appellate court, which had only the language of the witnesses describing the injury, and that the judgment of the trial court in setting aside the verdict would not be disturbed.

2. ————: ————: **Discretion of Trial Court: Appeal and Error.** The order of the trial court, granting a new trial, will not be disturbed unless it is made clear from all the circumstances of the case that manifest injustice has been done or that the discretion of the trial court has been abused, and a stronger case should be made to justify the interposition of the appellate court when a new trial has been granted, than when it is refused.

3. ————: ————: ————: ————: **Excessive Verdict.** Appellate courts are slow to interefere with verdicts on the ground that they are alleged to be excessive, for the reason that the judge before whom the case was tried is better qualified than is the appellate court to say whether or not the verdict is excessive.

Appeal from Greene Circuit Court—*Hon. Aldred Page,* Judge.

AFFIRMED.

*F. T. Stockard* and *Frank B. Williams* for appellant.

(1) The discretion of the trial court in granting a new trial is properly exercised only when there is contradictory or conflicting evidence. Bohle v. Merc. Co., 114 Mo. App. 439; Casey v. Transit Co., 186 Mo.

229; Bank v. Wood, 124 Mo. 76; Wells v. Andrews,
133 Mo. 667.   (2) The amount of damages to be
awarded to plaintiff as compensation for such injury
is a matter exclusively within the province of the jury
to determine.· We have no other scales with which to
estimate human suffering or value personal injury,
than the intelligence of a jury guided by a sense of
justice.   29 Cyc. 844; Merrill v. St. Louis, 12 Mo. App.
466; Goetz v. Ambs, 27 Mo. 27; Wells v. Sanger, 21
Mo. 354; Watson v. Harmon, 85 Mo. 446.   (3) This rule
is subject to but one qualification in personal injuries
cases, to-wit, that where the evidence is conflicting
and the damages awarded are so manifestly and fla-
grantly excessive as to indicate at first blush that the
jury either disregarded the evidence or acted from
passion, bias or prejudice, the trial court may set the
verdict aside.   29 Cyc. 842, 843, 849; 2 Sedgwick on
Damages (7 Ed.), 660; Welch v. McAllister, 13 Mo.
App. 89; Fairgrieve v. Moberly, 29 Mo. App. 153;
Brown v. Railroad, 51 Mo. App. 192; Pritchard v.
Hewitt, 91 Mo. 547; Goetz v. Ambs, 27 Mo. 28; Rich-
ardson v. Firebrick Co., 122 Mo. App. 529; Saller v.
Shoe Co., 130 Mo. App. 729; Waechter v. Railroad,
113 Mo. App. 281; McCarty v. Transit Co., 192 Mo.
396; Fischer v. St. Louis, 189 Mo. 567.   (3) While it
is the rule that the granting of a new trial on the
ground of excessive damages is so entirely within the
discretion of the trial court that an appellate court
will interfere only in the very clearest case of an
abuse of that discretion.   Morris v. Railroad, 136 Mo.
App. 399; Friedman v. Pub. Co., 102 Mo. App. 683;
Scheutte v. Transit Co., 108 Mo. App. 186; Choquette
v. Railroad, 152 Mo. 266; Fitzjohn v. Transit Co., 183
Mo. 74; Lee v. Pub. Co., 137 Mo. 392.   (5) The rule
applies only in those cases where the facts in evidence
do not justify any other conclusion than that the jury
was influenced by passion and prejudice.   Hollenbeck
v. Railroad, 141 Mo. 97; Perrette v. Kansas City, 162

Mo. 238; Mitchell v. Railroad, 125 Mo. App. 1, or where there is a conflict in the testimony and substantial evidence touching the issue appears in favor of the party to whom the new trial is awarded. Warner v. Railroad, 178 Mo. 125; Ordelheide v. Land Co., 208 Mo. 243; Bush v. Railroad, 144 S. W. 1123; Loftus v. Railroad, 220 Mo. 470; Rigby v. Transit Co., 153 Mo. App. 330. (6) And when it clearly appears as it does in this case that a wise discretion has not guided the trial court's action in granting a new trial, the appellate court should interfere and reinstate the verdict. Loevenhart v. Railroad, 190 Mo. 346; Bush v. Railroad, 144 S. W. 1123; Ordelheide v. Barger, 208 Mo. 239; Fitzjohn v. Transit Co., 183 Mo. 78. (7) When the judge placing himself in the jury box, finds that the verdict could have been honestly made, the verdict must stand. McGraw v. O'Neil, 123 Mo. App. 691. (8) For it is with great hesitation that the courts will invade the province of the jury and interfere with a verdict for damages sounding in tort for personal injuries. Drover v. Railroad, 100 Mo. App. 337; Fischer v. St. Louis, 189 Mo. 579; Devoy v. Transit Co., 192 Mo. 221; Edwards v. Railroad, 82 Mo. App. 484; Brown v. Railroad, 51 Mo. App. 193; Morris v. Railroad, 136 Mo. App. 397.

*Leonard Walker,* city attorney, *Fred A. Moon,* assistant city attorney, and *Perry T. Allen* for respondent.

(1) The granting of a new trial addresses itself to the sound discretion of a trial judge, and in its exercise the court is not confined to the grounds enumerated by statute, but he is empowered to grant a new trial on his own motion, whenever he thinks the ends of justice require it, and appellate courts will not disturb the ruling of a trial judge, unless it is plain that the trial judge abused that discretion. Rail-

road v. Martin, 32 Mo. App. 597; Wright v. Railroad, 20 Mo. App. 481; Fretwell v. Laffon, 77 Mo. 28; Fair v. Preston, 138 S. W. 73; Findley v. Railroad, 141 S. W. 866. (2) The trial judge has opportunities of observation that the appellate court does not. It often happens that there are circumstances that influence the trial court, which cannot be transferred into cold type, the manner of the witnesses on the stand, the interest in the result of the trial, their prejudice, etc., all of these should induce the greatest caution in overturning the decision of trial judge in granting a new trial. State ex rel. v. Griffith, 63 Mo. 545; Casey v. Transit Co., 186 Mo. 229; Coleman v. Cole, 158 Mo. 257; McCullouch v. Insurance Co., 113 Mo. 606. (3) If it appears to the trial judge the jury was influenced by passion, prejudice or improper motives in rendering the verdict, and their finding is clearly against the weight of the evidence, it is the duty of the trial judge to promptly set aside the verdict and grant a new trial. Bank v. Armstrong, 92 Mo. 265; McCoy v. Underwood, 47 Mo. 187; McDonough v. Nicholson, 46 Mo. 35; Eidenmiller v. Kump, 61 Mo. 340; Partello v. Railroad, 217 Mo. 645; Etlinger v. Kahn, 134 Mo. 497; Fitzjohn v. Transit Co., 183 Mo. App. 68. (4) Appellate courts defer to the ruling of trial courts in the matter of granting new trial. Eidenmiller v. Kump, 61 Mo. 342; McDonough v. Nicholson, 46 Mo. 35; Bank v. Armstrong, 92 Mo. 281.

GRAY, J.—The plaintiff obtained a verdict in the circuit court of Greene county, for $2500, against the defendant city, and the court granted a new trial, on the ground that the verdict was excessive, and plaintiff appealed.

The plaintiff claimed that he was injured by falling on a defective street crossing. At the time he was forty-six years old, and was a common laborer, earning two dollars per day. He testified that while walk-

ing on one of the streets of the defendant, and on account of the defective condition thereof, he fell, and by the force of the fall, a nail was driven through the palm of his hand. In regard to the extent of his injuries, he testified that he could not use his hand as well as he could before he was injured, and that it still pained him and at times so severely that he was unable to sleep, and frequently was compelled, on account of the pain, to get out of bed and walk the floor; that for several weeks he was absolutely unable to perform any labor, and during all of said time, suffered intense pain; that he afterwards tried to work, but was unable to. He exhibited his hand to the court and jury, and illustrated to what extent he could use it. His physician testified that the wound healed nicely, and while it would always be a ''make-shift of a hand,'' and not as good as it was before the injury, he could not say it would continue to cause pain.

There was testimony that the nail, in passing through the hand, had broken a bone, and that small parts therefrom had to be removed. The defendant offered no testimony to contradict that offered by plaintiff relating to his injuries.

It has been frequently held by this and other appellate courts of the state, that the order of the trial court granting a new trial will not be disturbed unless it is made clear from all the circumstances of the case that manifest injustice has been done, or that the discretion of the trial court has been abused, and a stronger case should be made to justify the interposition of the appellate court when a new trial has been granted than when it has been refused. [Hawver v. Springfield Traction Co., 154 Mo. App. 452, 134 S. W. 70; Boulware v. Victor Automobile Co., 134 S. W. 7; Fair v. Preston, 138 S. W. 73; Chambers v. Elliott, 143 S. W. 521.]

In Hawver v. Springfield Traction Co., supra, Judge Nixon said: ''The law is that courts have large

discretionary powers in granting one new trial, and an appellate court will not interfere with such discretion unless it appears to have been unwisely exercised—so unwisely as to amount to an abuse thereof.''

The appellant admits the above to be the general rule but says it only applies where there is a conflict in the evidence, but where the evidence is all one way, the appellate court is in as good a position as the trial court was to review the action of the jury. This, we concede, to be correct and supported by authority. [Bush v. M., K. & T. Ry. Co., 144 S. W. 1123.] The rule does apply, however, not only where there is a conflict in the testimony, but where all the evidence is not before the appellate court. In this case there was very important testimony before the trial court and jury that is not before us. We refer to plaintiff's hand. It was seen by the trial judge, who certainly had a much better opportunity to observe the extent to which its use was impaired by the injury complained of, than we are. We have only the language of the witnesses describing the injury, while the trial judge had the injury itself before him. As said by the Supreme Court in Furnish v. Railroad, 102 Mo. 438, 13 S. W. 1044: ''Many cases arise in which, at this distance from the trial court room, we feel ourselves disposed to defer to the action of the circuit judge on this point, and to resolve any reasonable doubts on the subject in favor of the correctness of his ruling approving the finding.

''The trial court should, on motion, fearlessly and willingly reduce any verdict to its proper amount when the weight of the evidence indicates it as excessive. That judge has the advantage of forming his opinions from the living realities before him, and the impressions so obtained are far more reliable than those given by any transcript of the record on appeal. We, therefore, give great weight to his rulings on

matters depending on the credibility of witnesses, on the physical appearances of parties, and the like.''

In McCloskey v. Publishing Co., 163 Mo. 22, 63 S. W. 99, the Supreme Court further said: ''While it is true that appellate courts are very slow to grant new trials solely upon the ground that verdicts are excessive, it is also true, that they defer very largely to the action of the trial courts with respect to such matters, and that a judgment is rarely ever reversed upon the ground of the unwarranted exercise of the power of such courts under such circumstances.

''But where it is manifest that a verdict is excessive, the court is remiss in its duty if it does not, upon motion, set it aside and grant a new trial, and this duty rests almost entirely within the province of the trial court, and this court will not interfere with the exercise of such discretion unless it appears to have been unreasonably or arbitrarily exercised.''

Also in Kuenzel v. Stevens, 155 Mo. 280, 56 S. W. 1076: ''There is no more important power for the promotion of justice than that intrusted to the trial court in granting a new trial. It is a power to be exercised with great care, and no one is so well informed as to how the discretion should be used as the trial judge. It is only when it very clearly appears that a wise discretion has not guided his action, that an appellate court should interfere.''

In Roe v. Met. Street Ry. Co., 131 Mo. App. 128, 110 S. W. 611, it is said: ''Appellate courts are slow to interfere with verdicts, on the ground that they are alleged to be excessive. The judge before whom the case was tried was better qualified that we are to say whether the verdict was excessive. It is only in cases where the trial judge has abused the sound discretion lodged in him under the law, that will authorize the interference of an appellate court.''

In Morrell v. Lawrence, 203 Mo. 363, 101 S. W. 571, it is said: ''The learned trial court assigned as a rea-

son for granting the new trial that the verdict was
excessive. That is a point peculiarly within the prov-
ince of the trial judge, it is one that he is better quali-
fied to judge than an appellate court, the law puts
that important responsibility upon him and it ad-
vances the cause of justice when the trial judge cour-
ageously performs that duty.''

The books are full of statements of the appellate
courts to the effect that where the verdict has been
approved by the trial court, it will be affirmed, unless
it is manifest that the trial judge abused his discre-
tion in failing to set the same aside. As said by the
Supreme Court in Casey v. Transit Co., 186 Mo. 229,
85 S. W. 357: ''The trial court has a discretion to
grant one new trial, and this court will not interfere
with its exercise of that discretion, however much it
may disagree with that court upon such a ruling, where
there is any substantial evidence to support it.''

In Phelps v. Zinc Co., 218 Mo. 572, 117 S. W. 705,
the plaintiff claimed there was a flaw or hole in the
shaft of a piece of machinery which he was using as
the servant of the defendant, and on account of said
flaw he was injured. It was claimed by the defendant
that there was no evidence that the hole or flaw in the
shaft so weakened it as to render it unsafe and dan-
gerous. In passing on the question the court said:
''While the record shows the shaft was introduced in
evidence, yet it was not preserved therein and cannot,
therefore, be inspected by this court. Upon this state
of the record counsel for respondent contends that ap-
pellant is in no position to insist that there was no
evidence introduced tending to prove that the hole in
the shaft was so deep and broad as to so weaken it
as to render it unsafe and dangerous for persons work-
ing about it. In our opinion that contention is well
taken. The law is well settled that before the defend-
ant can successfully maintain that there was no evi-

164 App.—44

dence introduced at the trial to support the verdict of the jury, it is incumbent upon him to bring, by the record, to this court all of the testimony introduced at the trial in order that we may view and determine what it does tend to prove or establish. The circuit court is a court of general jurisdiction, and, in the absence of a showing to the contrary, every presumption must be indulged in favor of the regularity and correctness of its acts and rulings.''

And so in this case, the trial judge had before him the plaintiff's hand, and therefore, was in a much better position than we are to say whether the verdict was excessive.

The judgment will be affirmed.   All concur.