## WILLIAM LEAVEA, Respondent, v. SOUTHERN RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, February 4, 1913.**

1. **WITNESSES: Competency: Death of Agent of Corporation: Competency of Survivor to Transaction.** In an action against a corporation for damages resulting from an assault committed by one of its servants, the plaintiff is disqualified from testifying, under section 6354, Revised Statutes 1909, concerning what was said and done by the servant, where, at the time of the trial, the servant is dead.

2. ————: ————: **Death of Party to Transaction: Construction of Statute.** In applying section 6354, Revised Statutes 1909, effect should be given to its spirit as well as its letter.

3. ————: ————: ————: **Actions Ex Delicto.** Section 6354, Revised Statutes 1909, applies to actions *ex delicto* as well as to actions *ex contractu.*

4. ————: ————: ————: ————. The disability of the surviving party to testify, under section 6354, Revised Statutes 1909, where the other party to the cause of action in issue and on trial is dead, is coextensive with every occasion where such cause of action may be called in question.

5. **APPELLATE PRACTICE: Conflicting Decisions: Certification to Supreme Court.** Where a decision of one of the Courts of Appeals is in conflict with a decision of one of the other Courts of Appeals, the case should be certified to the Supreme Court for final determination, conformably to section 6 of the Amendment of 1884 to Art. 6 of the Constitution.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

REVERSED AND REMANDED.

CAUSE CERTIFIED TO SUPREME COURT.

*Samuel B. McPheeters* for appellant.

As the watchman had died in the meantime, plaintiff was disqualified as a witness and should not have

been allowed to testify as to his transactions and altercations and trouble with the watchman. Darks v. Grocer Co., 146 Mo. App. 254; Carroll v. Railroad, 157 Mo. App. 247; Lieber v. Lieber, 239 Mo. 1; Anderson v. Railroad, 120 S. W. 298.

*Frank A. Thompson* for respondent; *Guy A. Thompson* of counsel.

The plaintiff was a competent witness. The statutes do not apply to this sort of a suit and the general and universal practice is to allow the plaintiff to testify in this sort of a case. The following case, together with the universal practice, was relied upon by the trial court and by the attorney for the plaintiff. Drew v. Railroad, 129 Mo. App. 459.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through an assault upon him by defendant's agent. Plaintiff recovered and defendant prosecutes the appeal.

It appears that while plaintiff was delivering some goods for shipment at defendant's freight depot, he became engaged in a controversy with its watchman there employed. As a result of this controversy, defendant's agent, the watchman, Teague, assaulted plaintiff, inflicting injuries upon him and thus occasioned the damage for which he sues. Because of this assault and the injuries so received, plaintiff prosecuted the suit against the defendant railroad company for damages, on the theory that the watchman represented it and was acting within the scope of his authority at the time of the assault and battery. Since the assault was made, and before the trial, defendant's watchman departed this life. Notwithstanding the prior death of Teague, defendant's watchman, who made the assault and thus created the cause of action,

plaintiff was permitted, over the objection and exception of defendant, to detail in evidence, at the trial, his version of the controversy and the assault made upon him.

To the offer of this evidence concerning all that was said and done by Teague, defendant's agent and watchman at the time, an objection and exception was interposed, on the ground that Teague, the other party to the cause of action in issue and on trial, was dead. The court overruled the objection and permitted plaintiff to testify, notwithstanding the death of Teague, as though that fact were wholly immaterial. It is urged this was error, and we believe the argument advanced to be a valid one. Though this suit proceeds against defendant railroad company and not against the watchman, it is obvious that it was the acts and assault made by Tegue while acting for defendant that gave rise to the cause of action. According to the theory of the case declared upon and the right of recovery pursued, Teague acted for defendant in assaulting plaintiff and entailing the injuries for which compensation is sought. This being true, of course the act and assault of Teague must be regarded as that of the defendant.

The statute (Sec. 6354, R. S. 1909) provides that "in actions where one of the original parties to the . . . cause of action in issue and on trial is dead, . . . the other party to such . . . cause of action shall not be admitted to testify . . . in his own favor." The authorities universally declare that, in applying this statute, effect should be given to its spirit as well as its letter. [See Carroll v. United Railways Co., 157 Mo. App. 247, 286, 137 S. W. 303.] In a recent case in our Supreme Court it is said the statutory rule is one of evidence and hence the form of the action in which it is invoked is of no consequence in determining whether the rule is applicable. The high purpose of the statute is, first, equality and, sec-

ond, to close the door to false witness. To this end, it declares that when the lips of one party to the cause of action in issue and on trial are closed by death, then those of the other party thereto shall be closed by the law. [See Bishop v. Brittain Inv. Co., 229 Mo. 699, 723, 129 S. W. 668.] Many have thought that the statute applies to matters *ex contractu* only, but it does not so provide in terms, and in a most re- cent case our Supreme Court enforced its rule where the particular question in judgment arose *ex delicto,* for the gravamen of that cause and on which the witness was declared to be incompetent to speak sounded in tort, as for fraud and deceit. The purpose was to set aside a judgment procured through an alleged fraud perpetrated on a court in the State of Illinois. [See Lieber v. Lieber, 239 Mo. 1, 143 S. W. 458.] We believe that the proper view is, that the disability as a witness to the cause of action in issue and on trial, where the other party to that cause of action is dead and the survivor is a party to the suit, is coextensive with every occasion where such cause of action may be called in question. Such was the ruling by the Supreme Court in Chapman v. Dougherty, 87 Mo. 617.

The cause of action in issue and on trial here is the wrong perpetrated by defendant railroad company through its agent, Teague, in assaulting and injuring the plaintiff. Generally speaking, the term "cause of action" in substance signifies a plaintiff's primary right and defendant's wrongful violation of that right. [See Pomeroy's Code Remedies (4 Ed.), p. 459, sec. 346, *et seq.;* Litton v. Chicago, B. & Q. R. Co., 111 Mo. App. 140, 149, 85 S. W. 978; Mellor v. Mo. Pac. Ry. Co., 105 Mo. 455, 470, 16 S. W. 849; Hales v. Raines, 162 Mo. App. 46, 141 S. W. 917.] The Supreme Court so treated with the words "cause of action" in this statute in Chapman v. Dougherty, 87 Mo. 617, 620, as will appear by reference to that opinion. There can be no doubt that plaintiff was permitted to testify fully

concerning the cause of action involved here and that that cause of action was created by the alleged wrongful act of Teague, defendant's watchman, now dead, who, for the purposes of the case, must be regarded as having assaulted plaintiff in, defendant's name and stead. This being true, the inquiry then is: Under the statute, can Teague, who is now dead, be said to be the "other party" to the cause of action? It is true Teague was not made a party to this suit and the case proceeds against his principal, the railroad company, alone. However that may be, the cause of action declared upon came into being because of his act and he alone was qualified to speak thereon for the defendant. Corporations are artificial persons and may speak and act only through their agents. In view of this and to effectuate the purpose of the statute above quoted, the courts have declared the rule that, when a corporation is in fact "other party" to the cause of action under the statute and the agent representing the corporation about the transaction in suit is dead, such agent shall be regarded, for the purposes of the case, as the "other party" and stand in the place of the corporation with respect to the cause of action in issue and on trial. [See Williams v. Edwards, 94 Mo. 447, 7 S. W. 429.] In this view, it seems that Teague, defendant's watchman, should be regarded as the "other party" to the cause of action here on trial, and that the fact of his death operates to disqualify the plaintiff as a witness, for such rule alone will work the equality which the statute designs with respect to the power of the parties to the cause of action to speak thereon.

We believe the court erred in permitting plaintiff to testify touching the cause of action on trial, and because of that the judgment should be reversed and the cause remanded. However, the Kansas City Court of Appeals has heretofore ruled the identical question otherwise, as will appear by reference to the case of

Drew v. Wabash R. Co., 129 Mo. App. 459, 107 S. W. 478, and we deem the judgment of this court to be in conflict with that of the Kansas City Court of Appeals in the case above cited. Because of this, the case should be certified to the Supreme Court for final determination, as is the rule under the Constitution. [See Judd v. Walker, 114 Mo. App. 128, 89 S. W. 558; s. c., 215 Mo. 312, 114 S. W. 979; Casey v. St. Louis Transit Co., 116 Mo. App. 235, 91 S. W. 419; s. c., 186 Mo. 229, 85 S. W. 357.] It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.