## SOMERVILLE, Appellant, v. STOCKTON.

### Division One, November 25, 1903.

1. **New Trial:** APPELLATE PRACTICE. Where in an action for damages for deceit in obtaining money, there was not that total failure of evidence in behalf of plaintiff as would have authorized the court to instruct the jury that they should find for defendant, nor the testimony so one-sided and all-convincing as to justify the Supreme Court in holding that the trial court abused its discretion in granting one new trial, the Supreme Court will not hold that the trial court erred in granting a new trial.

2. ———: ———: NO TESTIMONY. Where the trial court has granted one new trial on the ground that the evidence was insufficient, the appellate court will not hold that that meant there was no evidence to support the verdict, and, thereupon, proceed to review the evidence, reverse the order, and direct the trial court to enter judgment on the verdict.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick M. Hough*, Judge.

AFFIRMED.

*F. J. McMaster* for appellant.

*Upton M. Young* for respondent.

ROBINSON, J.—This is an action for damages growing out of an alleged deceit practiced by defendant upon plaintiff whereby the latter was induced to advance to a failing investment realty company, of which defendant was the president and general manager, the sum of five thousand dollars.

The answer filed by defendant was a general denial. At the trial before a jury a verdict was rendered in favor of the plaintiff for $7,111.67, the amount claimed in his petition, with interest.

Defendant filed his motion to set aside the verdict and to grant to him a new trial, which was sustained and the reason assigned by the court for so doing was, "that the evidence is insufficient to support the verdict." Plaintiff prosecutes this appeal from that order and asks this court to remand the cause with directions to the trial court to enter up judgment for the plaintiff upon the verdict as rendered.

In view of the nature of the issue presented by an appeal of this character, it appears wholly unnecessary to go into a general discussion of the numerous questions which have been suggested in the briefs filed herein, or to consider the testimony offered in favor of either party, further than to say, there was not that total want of testimony in behalf of the plaintiff that would have authorized the court to have instructed the jury that they should find for defendant, as the defendant now asserts should have been done, nor was the testimony offered in behalf of the plaintiff so one-sided

and all-convincing as to justify us in saying of the action of the trial court in determining otherwise, that it had abused the judicial discretion with which it is invested of granting to either party one new trial, when in its judgment the verdict as made is against the great weight of the testimony, or where manifest injustice will be done if the verdict is permitted to stand as rendered.

The court refused to give a peremptory instruction to the jury as requested by defendant, that their verdict should be for the defendant, but permitted the jury under proper instructions to pass upon the facts of the case, and afterwards in the exercise of its lawful power, believing as it evidently did that the great weight of the testimony was against plaintiff's contention, set the verdict aside and awarded to defendant a new trial. The recitation in the court's order that "the verdict and judgment rendered herein be set aside and vacated on the ground that the evidence is insufficient to support the verdict," evidently was not intended to mean, as appellant would have it appear, that the trial court had declared that the verdict was set aside because there was no testimony on behalf of plaintiff to support a verdict in his favor, and that our inquiry for that reason, on this appeal, should be confined to that one question, and if found against the trial court, from a review of all the facts in the case, its ruling should be reversed and the trial court now ordered to enter up a judgment on the verdict as found by the jury. It is quite evident from all the proceedings at the trial, that the court meant only by its order to declare that the testimony offered in behalf of plaintiff was insufficient to support the verdict, when considered in the light of what seemed to it the great preponderance of the testimony offered in support of defendant's theory of the transaction involved in the controversy, and not that plaintiff's testimony offered was wholly insufficient to support any verdict whatever if left standing by itself uncontradicted by other facts or circumstances. In other words, it was no

declaration in the nature of a demurrer to plaintiff's testimony offered that would put this court to the sole and single inquiry of determining from a review of all the facts, if any testimony could be found to support plaintiff's contention and upon that determination reverse or affirm its action in the premises.

On appeals of this character, as on appeals from a final judgment, this court must refuse to weigh conflicting testimony, such as was presented by the facts of this case, or to reverse the ruling of the trial court on a matter properly within its discretion, but will interfere only for errors of law committed, or where, conceding everything that is claimed by the party as true in whose favor a new trial is granted, he or she is still not entitled to a verdict (a condition clearly not presenting itself under the facts of this case). As no claim is here made by appellant that, upon all the testimony in the case, a verdict could not have been returned for the defendant, or that the plaintiff was entitled to a peremptory instruction at the close of the case that the jury should return its verdict for him, this court must refuse on this appeal to interfere with what appears the proper exercise of a lawful discretion vested in the trial court, of granting to either party to a controversy one new trial when in its judgment the verdict as rendered is against the great weight of the testimony offered, and its order is therefore affirmed.

All concur.