ARCHIE R. BERRYHILL, Respondent, v. SUPREME TRIBE OF BEN HUR, Appellant.

Kansas City Court of Appeals, November 21, 1910.

**NEW TRIAL: Evidence Discretion of Trial Court.** The trial court has large discretion in granting new trial. Where the issue is whether a receipt has been altered and there is evidence and circumstances, tending to support each side, the court's discretion should not be interfered with by the appellate court.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Joseph Park* for appellant.

(1) The statute requiring the trial court to specify in its order the ground on which a new trial is granted in a law case is a substantial right of the losing party, and that right ought to be accorded. Odelheide v. Land Co., 208 Mo. 239. (2) The discretion of the trial court in granting one new trial does not mean that the order of the court will not be reviewed on appeal. Even when the new trial is granted on alleged finding of facts, whether by the jury or the court sitting as a jury, if the evidence is such that in no view of it could a verdict for the party in whose favor a new trial was granted be sustained, then the ruling of the court will be reviewed on appeal, although it is the first new trial granted. Odelheide v. Land Co., 208 Mo. 239.

*John T. Barker* for respondent.

(1) Trial courts have large discretionary powers in granting new trials especially where the weight of the evidence is involved; and appellate courts will not interfere with the exercise of that power unless it was arbitrary. Gould v. St. John, 207 Mo. 619; Rodan v. Transit Co., 207 Mo. 392; Ridge v. Johnson, 129 Mo. App. 541; Canteberry v. Kansas City, 130 Mo. App. 1; Parker v. Britton, 133 Mo. App. 270. (2) This verdict was undoubtedly the result of a misapprehension on the part of the jury and the trial court corrected such mistake and granted plaintiff a new trial, and as the verdict was against the weight of the evidence and the law, this court should adhere to the rule of yielding to the discretion of the trial court. Gould v. St. John, 207 Mo. 619, and cases cited. (3) The verdict in favor of defendant was contrary to all the evidence and should have been for the plaintiff, in fact the trial court should have directed a verdict in favor of the plaintiff, and after the mistake of the jury properly set the verdict

aside and ordered a new trial. In doing this, the trial court should have the approval of this court. Rodan v. Transit Co., 207 Mo. 392, and cases cited.

ELLISON, J.—This action is based on a benefit certificate of insurance on the life of plaintiff's wife and payable to him at her death. The verdict of the jury in the trial court was for the defendant. Plaintiff's motion for a new trial was sustained and thereupon defendant appealed from that order.

The certificate was taken out by Mrs. Berryhill in October, 1908, and she died in about three months thereafter, January 19, 1909. The condition of payment of the certificate was that she should be a member of the association, in good standing, at the time of her death; and the question at the trial was whether she was such member at that time. And that question was to be determined by the issue made as to whether she paid dues for the month of December, 1908.

On that issue plaintiff presented a receipt in evidence showing payment for that month. Defendant attacked the receipt on the ground that it was not for that month and that it had been altered so as to make it show that it was. There were some circumstances from which it could be inferred that it was not intended as a receipt for that month, but there were also circumstances from which it could be inferred that it must have been a receipt for that month.

The trial court has large discretion in granting a new trial, and it is plain that in the foregoing state of the evidence we could not justify ourselves in interfering with that discretion. [Gould v. St. John, 207 Mo. 619; Karnes v. Winn, 126 Mo. App. 712; Ridge v. Johnson, 129 Mo. App. 541; Canterbury v. Kansas City, 130 Mo. App. 1. The order granting new trial is affirmed. All concur.