JERRY FAIR, Appellant, v. L. T. PRESTON et al., Respondents.

Springfield Court of Appeals, June 8, 1911.

1. **APPEAL AND ERROR: Motion for New Trial: Assigning Reasons for Granting: Real Estate Brokers.** In an action for a real estate agent's commission a verdict was rendered in favor of the plaintiff. Upon motion of defendant this verdict was set aside and a new trial awarded, from which order the plaintiff appealed. The order of the trial court, sustaining the motion for a new trial did not specify the reasons therefor. The record is examined and *held* that the court was justified in sustaining the motion for a new trial on the ground that the verdict was against the weight of the evidence, and for the further reason that instructions given on behalf of plaintiff were not warranted under the testimony.

2. ———: ———: ———: Where a trial court sustains a motion for a new trial, but fails to specify in his order the reasons therefor,

Fair v. Preston.

as required to do under section 2023, Revised Statutes 1909, yet the appellate court will uphold the action of the trial court, in granting the new trial, if justified for any reason assigned in the motion.

3. ————: ————: **Discretion of Trial Court: Verdict Against Weight of Testimony.** The trial court should be allowed a very wide discretion upon the question of granting a new trial, and if it should be granted upon the ground that the verdict is against the weight of the testimony, the order sustaining the motion for a new trial should be upheld, unless it is clear that the trial court has abused its discretion in sustaining the motion.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*J. N. Burroughs* for appellant.

(1) The plaintiff's instructions are unquestioned law. Where a real estate broker entrusted with the sale of land procured a purchaser and while negotiating with him the owner closed a trade with the purchaser through another broker at a less price, the first broker was entitled to recover a commission. Holland v. Vinson, 124 Mo. App. 417; Hogan v. Slade, 98 Mo. App. 44; Hovey & Brown v. Aaron, 133 Mo. App. 573; Wright & Orrison v. Brown, 68 Mo. App. 577. On appeal from an order sustaining a motion for a new trial, the appellate court must say on the record before it whether the trial court was justified in granting a new trial and if it was not, must reverse the ruling and order the verdict to be reinstated. Richardson v. Drug Co., 92 Mo. App. 515; Crawford v. Railroad, 171 Mo. 68; Stoddard v. Railroad, 105 Mo. App. 523. (3) Where the court did not err in submitting the case to the jury it was error to sustain defendant's motion for a new trial on the ground that the court should have sustained a demurrer to the evidence. Sculling v. Railroad, 184 Mo. 695. (4) The demurrer to the evidence was properly overruled. Mead v. Arnold, 131 Mo. App. 214.

*N. B. Wilkinson, Will H. D. Green* and *H. D. Green* for respondents.

(1) The granting of a new trial in a case is always a matter of discretion with the trial court and unless it clearly appears that the court has abused this discretion the judgment will not be disturbed. Berryhill v. Ben Hur, 132 S. W. 13; Sommerville v. Stockton, 178 Mo. 121; McCarty v. Transit Co., 192 Mo. 396; Lovenhart v. Railway, 190 Mo. 342; Queensware Co. v. Smith, 107 Mo. App. 13; Secrist v. Eubank, 104 Mo. App. 113; Stephens v. Lbr. Co., 98 Mo. App. 365; Hill v. Telegraph Co., 105 Mo. App. 572. (2) It is held that the granting of a new trial on the ground that the verdict is against the weight of the evidence rests peculiarly with the judge presiding at the trial. Baughman v. Fulton, 139 Mo. 557; Bank v. Armstrong, 92 Mo. 265; Eidenmiller v. Kemp, 61 Mo. 342; Cook v. Railroad, 56 Mo. 380; Reid v. Ins. Co., 58 Mo. 429. (3) Notwithstanding there may be some evidence to support plaintiff's case, unless it be of such a character as would warrant a verdict in his favor, the trial court may set it aside. Stephens v. Lbr. Co., 98 Mo. App. 365; Crawford v. Stock Yards Co., 215 Mo. 394; Bank v. Wood, 124 Mo. 76; Taylor v. Railway, 163 Mo. 191; Everman v. Eggers, 106 Mo. App. 732; Bank v. Ward, 124 Mo. 76; Roscoe v. Railroad, 202 Mo. 591.

COX, J.—This is an action to recover commission as a real estate agent for having sold land belonging to defendants. A verdict in plaintiff's favor was obtained for seven hundred and fifty dollars. Upon motion of defendants a new trial was awarded and plaintiff has appealed.

Plaintiff is a real estate agent living at Willow Springs, Howell county. Defendants also live in Howell county, and were the owners of a tract of 4800 acres of land which had been listed with plaintiff for sale. A party by the name of Pruitt came to Willow Springs and plaintiff had some conversation with him in relation to the purchase of this tract of land. Pruitt and his com-

panion, Thompson, asked plaintiff to ascertain whether some property which they owned in Saint Joseph could be traded in on this land, left their card with him, then took the train for Mountain Grove, some twenty-five miles distant. At Mountain Grove they met another real estate agent by the name of Slaughter with whom this same land had been listed, and Slaughter talked to them about this tract of land, then called up one of the owners over the telephone and had some conversation about the price and the owner then told Slaughter to bring the men down and he did so, and the land was sold to Pruitt.

Plaintiff's contention at the trial was that he having first interested the purchaser in this land he was entitled to the commission. The contention of defendants was that plaintiff was not the procuring cause of the sale, but that the sale was made through Slaughter, independent of anything plaintiff had done. The defendants in their motion for new trial alleged ten reasons why the verdict against them should be set aside, among which are that the court erred in the instructions to the jury given on behalf of plaintiff and because the verdict is against the weight of the evidence.

The court in the order sustaining the motion for new trial did not specify the reasons therefor as required to do under the statute, section 2023, Revised Statutes 1909. But notwithstanding this fact, yet if the court's action in sustaining the motion for new trial can be upheld for any reason assigned in the motion it should be done. [Lead & Zinc Mining Co. v. Webster, 193 Mo. 351, l. c. 363, 92 S. W. 79; Sharp v. Odom, 121 Mo. App. 565, 97 S. W. 225; Johnson v. Grayson, 230 Mo. 380, 130 S. W. 673.]

The trial court should be allowed a very wide discretion upon the question of granting a new trial, and if it should be granted upon the ground that the verdict is against the weight of the testimony, the order sustaining the motion for new trial should be upheld, unless it is clear that the trial court had abused its discretion in

sustaining the motion.   [Berryhill v. Supreme Tribe of Ben Hur, 132 S. W. 13; McCarty v. Transit Co., 132 Mo. 396, 91 S. W. 132; Somerville v. Stockton, 178 Mo. 121, 77 S. W. 298; Hawver v. Springfield Traction Co., 134 S. W. 70; Johnson v. Grayson, 230 Mo. 380.]

In this case the evidence was conflicting as to whether plaintiff really had anything to do with the sale, or whether it was consummated through the agency of Slaughter alone.   The trial court may very well have concluded that upon that question the evidence preponderated in favor of defendants.   In fact, one could hardly read the testimony in this case, as preserved in this record without being forced to that conclusion; hence, there is no ground to say that the trial court abused its discretion in sustaining the motion for new trial.

The first two instructions given on behalf of plaintiff were based upon the proposition that defendants had colluded with another real estate agent and secured him to close the deal with the purchaser in order to prevent paying the commission to plaintiff.   We find in this record no testimony to warrant these instructions. They were, therefore, erroneous, and the court's action in sustaining a motion for new trial should be upheld for that reason also.   Judgment affirmed.   All concur.