Viola E. SCHRUM, a Minor, By and Through her Father and Next Friend, Dolphin T. Schrum, Plaintiff-Respondent,

v.

Charles M. CISCELL, Defendant-Appellant.

No. 32281.

St. Louis Court of Appeals. Missouri.

May 17, 1966.

Dearing, Richeson, Weier & Roberts, Hillsboro, for appellant.

Thurman, Nixon, Smith & Howald, by Jeremiah Nixon and Robert Lee Smith, Hillsboro, for respondent.

CLEMENS, Commissioner.

Plaintiff sought damages for injuries she sustained when defendant drove his pickup truck into her stalled automobile. She submitted her case under the humanitarian doctrine, and got a verdict for $5,000. Judgment followed, and when defendant's after-trial motion was denied he appealed.

The issues raised here: Did the favorable evidence show that plaintiff's peril became obvious in time for defendant to avoid the collision by stopping or swerving? Was it error to permit plaintiff's medical witness to answer a hypothetical question over defendant's general objection? Was the doctor's opinion that plaintiff's injuries were "directly related" to the accident inadmissible on the ground that such a statement did not show causation? And, was defendant's closing argument improperly restrained when defendant argued that the plaintiff was negligent before and after getting into a position of immediate danger?

The first assignment questions the sufficiency of the plaintiff's evidence. We will state the admitted facts as to the locale, and the evidence favoring plaintiff as to the collision.

On a cold, clear afternoon the plaintiff drove from her home in DeSoto eastward on Flucom Road, an 18-foot blacktop country road. Her car stalled and was sitting in the middle of the road, while plaintiff waited for another car to push hers back to DeSoto. There was sufficient room, however, for a car to pass safely on either side of plaintiff's stalled car. Then the trouble began. The road ahead of plaintiff ran level and straight for 473 feet and then gently curved. At that distance she saw defendant's pickup truck heading toward her at a speed of 30 to 40 miles an hour. Plaintiff began sounding her horn, and kept on sounding it. At that same distance the defendant saw plaintiff's car, realized it

was motionless, and took his foot off the accelerator. But he kept moving. Finally defendant acted: he shifted into second gear, next applied his brakes, and then tried to swerve around plaintiff's car. He laid down 43 feet of skid marks but was still going 25 miles an hour when he struck the left side of plaintiff's car with the left side of his truck.

■ Defendant's point here is that plaintiff did not make a submissible humanitarian case because she failed to prove defendant's ability to stop or swerve "after he should have seen plaintiff could not or would not remove herself from his path." In his brief the defendant frankly concedes that after he first saw plaintiff stopped in the roadway "there remained ample time and distance within which he could have avoided the collision." He argues, however, that the plaintiff was not then in immediate danger. This argument is at war with defendant's own testimony that he decelerated when he first saw plaintiff's stopped car at a distance of 473 feet. A jury could have reasoned that at this point defendant actually was aware that plaintiff was in immediate danger unless he took evasive action. Moss v. Nehman, Mo.App., 247 S.W.2d 305 [3, 4]. The sufficiency of the evidence is established beyond doubt by the case of Stradford v. Bluefeather, Mo., 384 S.W.2d 541 [2], where the Supreme Court said:

"In this case, respondent was stopped with her car at a 45-degree angle to the imaginary center line, partially on either side of the center of the road. In this situation she was necessarily in the path of any northbound traffic then on Nebraska Avenue. Respondent could reasonably be found in imminent peril when so stopped partly in appellant's lane of travel with appellant bearing down upon her at the place where it became apparent to appellant that unless some act or thing intervened to interrupt the collision course thus existing, collision was inevitable and injury was reasonably cer-

tain, Yarrington v. Lininger, Mo., 327 S.W.2d 104, 109 [8–10]; and the place or position of imminent peril was properly for the jury to determine in this case. [Citing cases.]"

■ Next, defendant makes two points about the testimony of plaintiff's examining physician, who testified by deposition. Therein the doctor was asked a hypothetical question about causation. Defendant objected on the general ground that "the question hypothesizes facts not in evidence and omits material facts which are in evidence." Defendant declined the court's gratuitous invitation to make the objection specific. There was no error here. An objection to a hypothetical question is sufficient only insofar as it specifically points out what has been improperly assumed and what has been improperly omitted. Denney v. Spot Martin, Inc., Mo.App., 328 S.W.2d 399 [2].

■ In the deposition the doctor was asked his opinion as to what "caused" plaintiff's injuries. He answered that it was his opinion that the injuries were "directly related to" the accident. Defendant made no objection then, but when the deposition was offered in evidence he objected that the answer was "insufficient" because of the difference in the word "caused" in the question and the words "directly related to" in the answer. The objection was overruled. There is no need for a semantic discussion, for the doctor's meaning was obvious and went unchallenged on cross-examination. At other places in his testimony the doctor had said plaintiff's physical condition "was the result of" an injury. Where it appears, as it does to us here, that by the whole of a physician's testimony he is expressing his expert opinion of the cause of a condition, imprecise language will not rob his statement of its evidentiary value. Walker v. St. Louis Public Service Co., 362 Mo. 648, 243 S.W. 2d 92 [2]. The testimony should be appraised by its entirety, not only by an isolated statement. Slider v. Brown Shoe

Co., Mo.App., 308 S.W.2d 306 [3]. Furthermore, this is the type of case in which there were other facts that, together with the medical testimony, constituted sufficient evidence from which the jury reasonably could have found the necessary causal connection. Rogers v. Thompson, Mo., 308 S.W.2d 688, l. c. 694. The court properly admitted the answer.

Last, the defendant contends that the trial court erred in hampering his argument that the collision was caused by acts and omissions of the plaintiff. Plaintiff had submitted her case by MAI 17.15; the defendant conversed by MAI 29.06(6). The only issue of liability was the defendant's humanitarian negligence.

In his closing argument defendant ignored this issue. Instead, he argued that plaintiff's automobile should have been pushed to one side of the road; that there would have been no collision had plaintiff gotten out and posted guards fore and aft to signal other vehicles; that after the plaintiff saw the defendant she should have given him an arm signal as a warning that her car was stalled; and that not only the defendant, but everyone else on the road, had a duty to exercise the highest degree of care. The court sustained only one of the plaintiff's numerous objections to these arguments.

■ The defendant's argument was a patent effort to inject a false issue into the case. He first attempted to exculpate himself by arguing that the plaintiff was negligent in getting into a position of peril. When finally restrained from continuing that argument, he forged ahead by arguing that plaintiff was negligent after her peril arose. A long line of cases has laid down the rule that in humanitarian cases it is of no consequence what brings about or continues a plaintiff's peril, even though it be sheer hardihood or recklessness; and this covers the whole range of self-exposure to peril from mere negligent inattention to utter and continuing disregard of known and avoidable danger. Wyckoff v. Davis, Mo.,

297 S.W.2d 490 [2]; Daniels v. Smith, Mo., 323 S.W.2d 705 [5]. It was improper for defendant to emasculate these principles by his argument. It has been said that one thing lawyers confidently know is that in a humanitarian case it is improper to argue that a plaintiff was negligent. Fisher v. Williams, Mo., 327 S.W.2d 256 [3]. Defendant's point is denied.

The judgment should be affirmed.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.