Jack YOUNG, Plaintiff-Appellant and Respondent,

v.

FROZEN FOODS EXPRESS, INC., Defendant-Appellant and Respondent.

Nos. 33176, 33185.

St. Louis Court of Appeals.

Missouri.

July 15, 1969.

Bransford, Floyd & Hanses, Dempsey, Zerman & Dempsey, Clayton, for plaintiff-appellant and respondent.

Kenney, Reinert & Hespen, James A. McDowell, St. Louis, for defendant-appellant and respondent.

DOERNER, Commissioner.

In this action for damages for personal injuries resulting from a rear-end collision there was a verdict and judgment in favor of plaintiff for $5,000. The trial court overruled defendant's motion for judgment, but sustained defendant's motion for a new trial on the issue of liability only on certain specified grounds, and both parties appealed.

The evidence on behalf of plaintiff showed that on March 31, 1964 plaintiff was operating a tractor-trailer unit westwardly on Chouteau Avenue, in the City of St. Louis, and in obedience to a traffic light brought his vehicle to a stop at 39th Street. While stopped his unit was struck from the rear by a panel truck driven by Howard R. Winter, which ,panel truck was propelled forward about 8 feet as the result of being struck from the rear by a tractor-trailer operated by Bobby Conn. Plaintiff testified that the words "Trans-cold Express" and "Dallas, Texas" were on Conn's truck but Winter, called as a witness by plaintiff, could only recall the words "Frozen Foods" on the truck which struck him.

In the interests of clarity we will consider the point raised in the plaintiff's appeal, and those presented in the defendant's appeal, in that order. The decisive issue in plaintiff's appeal is whether agency was a controverted or contested issue in the case. Plaintiff submitted his case by MAI 17.16, modified to cover the three-vehicle collisions, without incorporating therein the issue of agency as required by MAI 18.01, "Where defendant master or principal is being sued and he has denied agency of the alleged servant or agent, * * * *", Missouri Approved Jury Instructions, page 145. The trial court sustained defendant's motion for a new trial on the issue of liability only on two grounds: (1) plaintiff's failure to submit in his verdict directing instruction a finding of agency; and (2), plaintiff's failure to submit an appropriate definition of agency. Plaintiff asserts that agency was not a contested issue in the case, and hence that it was unnecessary to include in its verdict directing instruction a finding on that score. Defendant maintains, to the contrary, that agency was a contested issue, that the plaintiff failed to make a submissible case because the evidence failed to establish agency, and that even though agency was not a contested issue nevertheless the verdict directing instruction was erroneous because under MAI it was

mandatory to include the submission of that issue.

So far as the pleadings are concerned, there can be no doubt that agency was a contested issue, for plaintiff alleged, and defendant denied, that the defendant, by and through its agent, drove and operated a tractor trailer truck into collision with Winter's truck propelling the latter into collision with the plaintiff's truck. However, prior to trial plaintiff propounded and the defendant answered written interrogatories, in part, as follows:

" '1. Was defendant incorporated and a corporation on March 31, 1964?
Answer: Yes.

2. If the answer to Interrogatory No. 1 is in the affirmative, state the exact corporate title of the defendant.

Answer: Frozen Food Express, Inc.

5. Was a tractor-trailer operated by defendant involved in a multiple motor vehicle collision on March 31, 1964, at the intersection of Chouteau Avenue and 39th Street, St. Louis, Missouri, in which plaintiff, Jack Young was the operator of a truck involved in said motor vehicle collision?

Answer: Yes.

6. If the answer to the preceding interrogatory is in the affirmative, state the name and address of the driver of defendant's tractor-trailer truck involved in the occurrence of March 31, 1964, stated in plaintiff's petition.

Answer: Bobby Conn, Route No. 1, Fulton, Kentucky.

7. If the answer to Interrogatory No. 5 is in the affirmative * * *, state the type of units involved, including year, make, weight, cargo and weight of cargo.

Answer: Tractor-trailer unit, 1962 Kenworth, 13,985 pounds, 1962 Highway—14,000 pounds, cargo-none.

9. What was the destination of your vehicle at the time it was involved in the occurrence mentioned in plaintiff's Petition?

Answer: Merchant Cold Storage on Page Avenue, St. Louis, Missouri.

10. What business or objective .were you engaged in at the time of said occurrence in question?

Answer: On way to pick up a load.' "

Defendant's entire opening statement, which had been reserved until the close of plaintiff's evidence in chief, was as follows:

"Ladies and Gentlemen: At this stage of the case the defendant puts on their evidence. Our evidence, in brief, is that the plaintiff didn't sustain the injuries he complains of and the accident didn't happen with the severity that the witnesses for the plaintiff have contended or that the plaintiff has contended that it did. In support of that we intend to put on some witnesses that were either at the scene or there shortly after the accident, and our first witness is Mr. John Hancock who was riding with the truck that was the third truck in the line of the vehicles in the collision, and I now call Mr. John Hancock."

Hancock testified on direct examination by defendant that at the time of the collision, and at the time of the trial, he was employed by Transcold Express out of Dallas, Texas; that at the time of the collision he was the "co-pilot" of the truck that Conn was driving; and that "We just had come from Frozen Food Express getting a trip lease to go pick up a load of their freight to take to Dallas, Texas, I believe, or Houston, one, and we left there at their office, went to pick up this load of freight." Concerning the occurrence, Hancock related on direct examination that both his and Conn's attention was diverted by a person changing a flat tire, and when they looked and saw the two cars parked at the red light, Conn put on his brakes but

couldn't stop in time. On cross-examination Hancock stated without objection that the trip lease had been picked up from Frozen Food Express, that at the time the accident happened they were driving for Frozen Food Express as the truck was leased out to them, and that Bobby Conn was driving the truck to Frozen Food's plant to pick up an order of frozen food and to take it to Houston. Hancock also stated that Conn (who did not appear as witness) lived in Fulton, Kentucky and at the time of trial worked for a small company down there.

All of the closing arguments are included in the transcript before us. We have carefully read and re-read that of defendant's counsel, and find that all of it was devoted to the matters of the severity of the collisions, the extent of plaintiff's claimed injuries, and the amount of damages, if any, which the jury should find. Not only was there no argument made regarding the issue of Conn's relationship to the defendant or the scope of Conn's agency, but in discussing the severity of the impact of the collisions counsel for defendant stated, "Mr. Floyd (plaintiff's counsel) has talked about the weights of the truck. There's been no evidence at all that Bobby Conn, driver of the Frozen Food's truck, the defendant's truck, was going more than twenty-five miles an hour. * * *" And in at least two other instances defendant's counsel used the phrase, "* * * when the Frozen Food truck hit the florist (Winter) truck * * *."

■ The stage at which a fact material to a plaintiff's case may properly be considered as having become uncontroverted and undisputed depends upon the circumstances in each case. If the defendant admits the fact in his pleading the judicial admission not only relieves the plaintiff from adducing evidence to prove the fact, but bars the defendant from disputing it. Jenkins v. Wabash R. Co., Mo., 322 S.W.2d 788; Hogsett v. Smith, Mo. App., 229 S.W.2d 20, 21. Those authorities announce the same rule as to admissions made by defendant's counsel in open court. The incontestability of a fact may also be established by the correct use of a request for the admission of the truth of a relevant fact, Civil Rule 59.01 as amended, V.A.M.R.; Chandler v. New Moon Homes, Inc., Mo., 418 S.W.2d 130, 136; and by an order made reciting an admission made at a pre-trial conference, which order remains unmodified. Civil Rule 62.-01; Wagner v. Mederacke, 354 Mo. 977, 192 S.W.2d 865. Our rules regarding pre-trial discovery also provide for written interrogatories, Civil Rule 56.01, sometimes referred to as "the poor man's deposition," one of the purposes of which is to narrow the issues and to limit preparation and the trial to controversial issues, thereby saving trial time and expense. Fitzpatrick v. St. Louis-San Francisco Ry. Co., Mo., 300 S.W.2d 490, 500; State ex rel. Williams v. Buzard, 354 Mo. 719, 190 S.W.2d 907, 910; Pyles v. Bos Lines, Inc., Mo. App., 427 S.W.2d 790. Those cases and others (see Gibson v. Newhouse, Mo., 402 S.W.2d 324) hold that answers to interrogatories may be offered in evidence as the admissions of the party making them, but, like the answers made in a deposition, Swinger v. Bell, Mo., 373 S.W.2d 30, the party making them is not always conclusively bound by them, and as stated in Fitzpatrick (l. c. 500 of 300 S.W.2d): "The trial court should be given a wide discretion to prevent the party propounding the interrogatory from being misled and prejudiced, as well as to protect the answering party against his own mistake or inadvertence. * * *" Admissions made in answers to interrogatories, as pointed out in Chandler v. New Moon Homes, Inc., Mo., 418 S.W.2d 130, 136 (particularly as to agency and scope of employment) can be made conclusive and binding by the further use of a request for admission of the truth of a material fact under Rule 59.01, or by an order made at a pre-trial conference, Rule 62.01.

■ Considering the facts in the instant case in the light of the rules stated,

we hold that at the close of the evidence agency was not a disputed issue. While under the pleadings it ostensibly remained a controverted fact, the defendant's answers to the interrogatories, properly read into evidence as admissions against interest, clearly showed that the tractor-trailer unit operated by defendant, by and through Conn, the driver thereof, was on its way to pick up a load at the Merchant Cold Storage plant at the time of the occurrence. Those answers established that Conn was defendant's agent, and that at the time of the collisions he was engaged in the course of his agency. Furthermore, not only did defendant fail to produce any evidence to controvert such issues, but in its own case defendant elicited testimony from its witness Hancock that the truck being driven by Conn, while it bore the name of Transcold Express Co., had prior to the collisions been leased to defendant, and at the time was enroute from defendant's place of business to pick up a load of defendant's freight, to be taken to Houston. And finally, both in his opening statement and in his closing argument, defendant's counsel's actions and statements clearly indicated that agency was not a contested issue. As this court stated in State ex rel. State Highway Commission v. Esselman, Mo.App., 179 S.W. 2d 749, 752, a party may not so conduct himself throughout the trial as to give the adversary party to understand that a fact is not controverted and then take the position that it has not been proved.

Agency having been proven by the evidence of the defendant as well as that of the plaintiff, it follows that the court did not err in overruling defendant's motion for a directed verdict made at the close of all the evidence. It likewise follows that the plaintiff's verdict directing instruction was not erroneous for failure to include a finding that Conn was the agent of defendant, and that he was operating the tractor-trailer unit within the course and scope of his agency for defendant at the time of the collision. It is true that the introductory note to MAI

18.01 states that, "Where defendant master or principal is being sued and he has denied agency of the alleged servant or agent, paragraph First in the verdict directing instruction shall be in the following form." But the word denial means more than a mere perfunctory or ostensible denial in the defendant's answer. If that were not true, as plaintiff's counsel points out, the absurd result would be that a finding of agency would be required even in those cases where the defendant made an admission of agency in response to a request for admission, or where he has admitted the issue during a pre-trial conference, or where during trial he has stipulated to agency. Prior to the adoption of our Missouri Approved Instructions it was not error to omit conceded or undisputed facts from a verdict directing instruction, Wyckoff v. Davis, Mo., 297 S.W.2d 490; Montgomery v. Hammond Packing Co., Mo.App., 217 S.W. 867, and that rule has not been changed by the adoption of Civil Rule 70.01 as amended. On the contrary, on Page XXXI of the commentary on the use of the book on MAI it is stated, " * * * The Supreme Court has repeatedly said that those facts not in dispute need not be hypothesized. So before injecting another element into a Missouri Approved Instruction, make certain it is really in issue." And the commentary continues (Page XXXII): "There will be a few cases where the pre-trial conference or requests for admissions remove from a case some issue hypothesized in a Missouri Approved Instruction. In those instances counsel may further simplify the Missouri Approved Instruction by deleting the element not in issue." The foregoing references to a pre-trial conference and requests for admissions is made by way of illustration and not by way of exclusion, as is evident from the fact that the statement omits any reference to a judicial admission in a pleading or a stipulation by counsel in open court. In short, we hold that where a fact material to plaintiff's case is conceded or undisputed, its inclusion under a MAI is not mandatory. Baker v.

St. Paul Fire and Marine Ins. Co., Mo.App., 427 S.W.2d 281.

 We turn, then, to our consideration of the points relied on by defendant in its separate brief as appellant. On the issue of damages the plaintiff offered and the court gave Instruction No. 6, MAI 4.01, including the optional phrase " * * * [and is reasonably certain to sustain in the future] * * *." Defendant argues that the court erred in giving the instruction because there was no evidence in the record of future damages to plaintiff, and because by the inclusion of the optional clause the instruction " * * * submitted an element of permanent injury and there was no evidence whatever in the record of any permanent injury * * *" to plaintiff. Defendant is wrong on both counts. As to the first, there was evidence as to future damages. Plaintiff testified that at the time of trial, held approximately three and one-half years after the occurrence, his back hurt him constantly, particularly about the belt line. The diagnosis at the time of trial of Dr. John W. Deyton, one of plaintiff's attending physicians, was strains and sprains of the pectoral region, shoulders, and of the dorsal part of the trunk immediately beneath, moderate and multiple strains and sprains of the dorsolumbar region where the chest part of the back unites with the small of the back, moderate to severe strains and sprains of the lumbar region, and aggravation of a pre-existing osteoarthritic condition. The doctor expressed the opinion, based upon reasonable medical and surgical certainty, that plaintiff will continue to have pain in the future from his back condition. In Moore v. Huff, Mo.App., 429 S.W.2d 1, 2, this court held that similar evidence was sufficient to warrant the inclusion of the phrase on future damage. As to the second part of defendant's contention, it is apparent that defendant harbors the misconception that "future damages" and "permanent damages" are synonymous terms. Not so, and the word "permanent" is not used in MAI 4.01. And as pointed out in Harrison

v. Weller, Mo.App., 423 S.W.2d 226, 229, " * * * While permanent injury may include future damage, the converse is not necessarily true. * * *"

 Defendant's second point is likewise subdivided into two parts. In the first defendant asserts that the verdict was so grossly excessive " * * * as to show that it was the result of bias, prejudice, sympathy and passion in favor of plaintiff and against defendant." Our courts have long recognized that there is a vital distinction between a verdict which is excessive and a verdict which is so grossly excessive as to indicate bias and prejudice. Skadal v. Brown, Mo., 351 S.W.2d 684, 689; Taylor v. St. Louis Public Service Co., Mo., 303 S.W.2d 608, 612. A verdict which is excessive is one in which the jury made an honest mistake in weighing the evidence as to the nature and extent of the injury and in fixing the damages and awarded a sum disproportionate to the amounts usually awarded for comparable injuries under the rule of uniformity. Such a mistake can be cured and corrected without a new trial, by requiring a remittitur of a portion of the amount awarded. Skadal v. Brown, supra. But a verdict which is so grossly excessive as to indicate bias and prejudice is one in which the jury was guilty of misconduct and prejudice engendered during the course of the trial. Such behavior vitiates the entire verdict, not only as to the amount of the award, but also as to the determination of liability, and cannot properly be corrected by a remittitur. Nussbaum v. Kansas City Stock Yards Co. of Maine, Mo., 359 S.W.2d 335, 341; McConnell v. Pic-Walsh Freight Co., Mo., 432 S.W.2d 292, 301. Accordingly, we limit our review to the allegation of error stated. Knight v. Swift & Co., Mo., 338 S.W.2d 795, 802.

 Our Supreme Court has consistently ruled that the mere size of a verdict is not sufficient in and of itself to establish that the verdict was the result of bias, prejudice or misconduct. There must have

been some incident or occurrence at the trial, or error committed, of such nature as to engender bias, passion or prejudice. McConnell v. Pic-Walsh Freight Co., supra. The question of whether the verdict was so excessive as to require a new trial was presented to the trial court, who was entitled to weigh the evidence, and who ruled against defendant. Defendant fails to point out any incident or occurrence at the trial to justify a finding of misconduct on the part of the jury, and we have found none. The point is ruled against defendant. McConnell v. Pic-Walsh Freight Co., supra; Knight v. Swift & Co., supra; Nussbaum v. Kansas City Stock Yards Co. of Maine, supra.

■ In the second subdivision of its second point defendant argues that the verdict "Was based exclusively on speculation, conjecture and surmise on the part of the jury." By that language defendant apparently is claiming that the record is devoid of any evidence to sustain the verdict, as distinguished from a claim that there was an insufficient amount of evidence, which implies that there was some evidence. See Arnold v. Haskins, 347 Mo. 320, 147 S.W.2d 469; Somerville v. Stockton, 178 Mo. 121, 77 S.W. 298. That such is defendant's view of its point is shown by the argument which follows it, that "As discussed in Point No. I of this brief, there was no evidence in the record that plaintiff sustained any permanent injury as a result of the collision on March 31, 1964. Plaintiff's Instruction No. 6 submitted future damages to the plaintiff as an element of damages to be awarded by the jury." As we observed in our consideration of defendant's Point I, defendant continues to confuse the terms "permanent injury" and "future damages." Plaintiff did adduce evidence of his future damages, as we pointed out, and it therefore follows that the verdict was not based on speculation, conjecture and surmise.

■ During plaintiff's case in chief his counsel propounded a hypothetical question to Dr. Deyton in which the witness was asked to assume, among other facts, that by the impact plaintiff, " * * * was thrown forward and his chest striking the steering wheel * * *." Defendant's counsel objected on the grounds that, "There are parts of the hypothetical question that are not in evidence." Plaintiff's counsel then asked defendant's counsel to supply the parts the latter wanted included. Defendant's counsel rejoined, "You're trying the case." After a short colloquy between counsel the court then asked defendant's counsel if he wished to add any other elements or propositions inserted in the hypothetical question, to which defendant's counsel replied, "I don't, your Honor. I wish to reserve my objection." Thereupon the court overruled defendant's objection. Defendant now points to a portion of the plaintiff's direct examination in which plaintiff was asked the following question and gave these answers:

"Q. Was your body moved in any way in the second impact?

"A. It was pushed forward with the impact of the truck.

"Q. Did your body strike anything inside the vehicle?

"A. Steering wheel."

Defendant devotes six pages of its brief to the line of argument that there is a distinction between the word "body" and that part of the body defined as the "chest"; that because in the question the word "chest" was used, whereas plaintiff had testified that his "body" struck the steering wheel, the question lacked an essential element, and inserted a fact which was not in evidence; that it was error to predicate the hypothetical question upon an assumed fact not supported by the evidence; and that the court committed reversible and prejudicial error in asking the defendant's counsel whether he wanted any element or proposition inserted into the hypothetical question. Defendant is obviously grasping at straws. In the first place,

there was evidence to support the question. On cross-examination defendant's counsel asked plaintiff, "Mr. Young, is it a fact that in the deposition you gave at that time you stated that the lower part of your chest struck the steering wheel?" to which the plaintiff answered, "Yes, sir." In the second place, the court did not err in overruling defendant's objection when defendant refused to particularize, after the court's request to him to do so. Strickland v. Barker, Mo., 436 S.W.2d 37, 42; Schrum v. Ciscell, Mo.App., 403 S.W.2d 657, 660; Denney v. Spot Martin, Inc., Mo.App., 328 S.W.2d 399, 402. And lastly, defendant has cited no authority in support of its contention that the court prejudicially erred when it invited defendant to particularize defendant's objection to plaintiff's hypothetical question, and our own research has disclosed none. It was defendant's duty, in the first instance, to make a legally sufficient objection, and having failed to do so the court would have been fully justified in overruling defendant's objection out of hand. Denney v. Spot Martin, Inc., supra, and cases cited therein. For the court was not obligated to extend such an invitation to defendant, and would not have erred had it not done so. Kirk v. Kansas City Terminal R. Co., Mo.App., 27 S.W.2d 739, 746. As our reported cases indicate, however, (see Schrum v. Ciscell, supra), our trial courts, in the interests of justice, often gratuitously extend an invitation to the party objecting to make his general objection specific. We cannot agree that the party who has failed to make a legally sufficient objection can be prejudiced by such an invitation.

For the reasons stated defendant's appeal is denied; the order granting defendant a new trial on the issue of liability is reversed, and the cause is remanded with directions to reinstate the verdict and enter judgment thereon in favor of plaintiff.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, defendant's appeal denied; order granting defendant new trial on issue of liability reversed and cause remanded with directions to reinstate verdict and enter judgment thereon in favor of plaintiff.

WOLFE, P. J., BRADY, J., and BRUCE NORMILE, Special Judge, concur.