**RESTAURANT INDUSTRIES, INC.,**
a corporation, Appellant,

v.

**LUM'S, INC., a corporation, Respondent.**

**No. 34678.**

Missouri Court of Appeals,
St. Louis District,
Division One.

May 15, 1973.

Motion for Rehearing or Transfer Denied
June 8, 1973.

Application to Transfer Denied July 16, 1973.

Donald S. Hilleary, William J. Fletcher, Clayton, for appellant.

Lewis, Rice, Tucker, Allen & Chubb, James W. Herron, Richard T. Ciotonne, St. Louis, for respondent.

CLEMENS, Judge.

Plaintiff was incorporated and wholly owned by Donald S. Hilleary for the purpose of buying a restaurant franchise from defendant Lum's. Plaintiff pleaded that Mr. Hilleary had paid $5,000 to defendant's agent, Chivers, Inc., part of the $15,000 down payment for the franchise, but never received the franchise. On the theory of money had and received, plaintiff seeks return of the $5,000. A jury returned a verdict for defendant and plaintiff appeals. Here, all of plaintiff's Points Relied On concern jury instructions—defendant's converse instructions, the burden of proof instruction and the lack of an instruction defining scope of partnership business.

The evidence was generally uncontradicted. Before plaintiff's incorporation Mr. Hilleary and Charles M. Davis entered into a partnership for promoting franchise restaurants. Defendant Lum's operated a restaurant in St. Louis, known as Lum's Franchise #3 which Mr. Hilleary wanted. Through the promotion firm, Chivers, Mr. Davis acting for plaintiff agreed to buy this franchise. Two documents were executed by Davis, Chivers and Lum's. By Exhibit 3 Chivers was to receive a $5,000 nonrefundable "franchise development fee."

By Exhibit 2 Lum's was to receive a $10,000 "franchise fee." At Mr. Davis' request Mr. Hilleary then sent his $5,000 check payable to Chivers on which he wrote "Lum's Franchise #3." The check and Mr. Hilleary's $10,000 promissory note payable to Lum's were mailed to Chivers.

Thereafter Mr. Hilleary notified Lum's of his decision not to exercise his right to acquire the Lum franchise and requested return of his $5,000 payment. Lum's cancelled the franchise agreement and returned Mr. Hilleary's $10,000 note but told him the $5,000 had been paid to Chivers as its development fee and Mr. Hilleary would have to make his request to Chivers. This lawsuit followed. (Despite the distinction between acts and rights of Donald S. Hilleary and plaintiff Restaurant Industries, Inc., interse, no question is raised about the plaintiff corporation being the real party in interest.)

A portion of Exhibit 2, the franchise development fee agreement, is central to defendant Lum's contention it is not liable to refund the $5,000 development fee paid by plaintiff to Chivers. "FRANCHISEE shall pay the sum of $5,000.00, receipt of which is acknowledged subject to collection, as and for the total Franchise Development Fee for the within designated 'Location,' or any replacement thereof; said fee shall be made payable to E.C.K. Chivers & Associates, Inc. and shall become nonrefundable to FRANCHISEE upon execution of the Franchise Development Fee Agreement, a copy of which is attached hereto and made a part of this Agreement."

Plaintiff submitted his case by a not-in-MAI verdict director, Instruction No. 2: "Your verdict must be in favor of the

Plaintiff if you believe: First, that Plaintiff on or about April 29, 1968, sent to E. C.K. Chivers a check for $5,000 which was cashed by E.C.K. Chivers Associates, Inc., and Second, that at the time of cashing said check the said E.C.K. Chivers Associates, Inc., was an agent and servant for collection of said check on behalf of the defendant, and Third, that the defendant has given the Plaintiff no consideration for said $5,000, and Fourth, Plaintiff has demanded of defendant to return to Plaintiff the $5,000, but defendant has failed to do so, and Fifth, Plaintiff was damaged thereby."

Defendant submitted its defense by a not-in-MAI Third Method Converse (MAI, p. 351), Instruction No. 3: "Your verdict must be for the defendant if you believe: First, Charles M. Davis entered into the Franchise Development Fee Agreement with E.C.K. Chivers & Associates, Inc., dated March 29, 1968, and the Franchise Agreement with defendant and E.C.K. Chivers & Associates, Inc., dated May 3, 1968, and Second, Charles M. Davis' entry into said Franchise Development Fee Agreement and said Franchise Agreement were acts within the scope of his partnership business with Donald S. Hilleary, and Third, Donald S. Hilleary's check in the amount of $5,000.00 was delivered to E.C. K. Chivers pursuant to said Franchise Development Fee Agreement and said Franchise Agreement."

■ Plaintiff contends there was no evidence to support paragraph Third of Instruction No. 3 calling for a finding that plaintiff's $5,000 check was delivered to Chivers "pursuant to said Franchise Development Fee Agreement and said Franchise Agreement." This argument is based on evidence of inconsistent dates. The Franchise Fee Development Agreement was dated March 29, 1968, Mr. Hilleary's $5,000 check was dated April 29, 1968, and the Franchise Agreement was dated May 3, 1968. These discrepancies are not explained, but both agreement documents refer to Lum's franchise site No. 3 and Mr.

Hilleary wrote "Lum's Franchise #3" on his $5,000 check. Circumstantially at least, that supported defendant's submission that Mr. Hilleary's check was issued pursuant to the two agreements.

■■ Plaintiff's second attack upon defendant's Instruction No. 3 is that the facts hypothesized do not necessarily converse plaintiff's verdict-directing Instruction No. 2. We disagree. A Third Method converse must hypothesize facts which if true disprove an essential element of plaintiff's verdict-directing instruction. MAI, p. 351; Shepard v. Ford Motor Company, 457 S.W.2d 255 [1] (Mo.App. 1970).

The parties confront directly on the issue of Chivers' relationship to Lum's. Plaintiff submitted in Instruction No. 2 that Chivers was an agent of Lum's for collection of Mr. Hilleary's $5,000 check. Conversely, defendant submitted in Instruction No. 3 that Mr. Hilleary delivered the $5,000 check to Chivers pursuant to the Franchise Development Fee Agreement. That agreement incorporates by reference paragraph three of Lum's Franchise Agreement providing that in the event the franchisee is entitled to a return of his franchise fee Chivers, not Lum's, shall return the $5,000 franchise development fee. If the jury finds the facts hypothesized in defendant's converse Instruction No. 3 then we must conclude the jury did not find that Chivers was merely an agent for the collection of the development fee on behalf of Lum's.

Plaintiff contends there was no evidence to show Charles M. Davis had authority to bind the Hilleary-Davis partnership by signing the agreements in his own name. Mr. Hilleary's own testimony showed a general partnership with Davis for promoting franchise agreements. Mr. Hilleary testified he wanted to acquire Lum's Franchise #3 and after Mr. Davis obtained Chivers' and Lum's commitments, Mr. Hilleary sent Chivers his $5,000 check and $10,000 note provided for in the agree-

ments, which we hold were binding upon Mr. Hilleary.

■ Relying on MAI 18.01 plaintiff contends the trial court erred in failing to define "acts within the scope of his partnership business" as used in paragraph Second of defendant's Instruction No. 3. Plaintiff had pleaded that in April and May of 1968 it (actually Mr. Hilleary) attempted to get the Lum franchise by paying $5,000. Actually, it was Mr. Hilleary's partner Davis who with Hilleary's knowledge negotiated the franchise and it was at Mr. Davis' request that Mr. Hilleary paid the $5,000. There was no disputed issue of Mr. Davis' authority to act for the Hilleary-Davis partnership, hence there was no need to define "acts within the scope of his partnership business." Young v. Frozen Foods Express, Inc., 444 S.W.2d 35 [5, 6] (Mo.App.1969); Elliott v. St. Louis Southwestern Railway Co., 487 S.W.2d 7 [11] (Mo.1972).

We deny plaintiff's complaints as to defendant's converse instruction.

■ Plaintiff raises a novel but not illogical point that the trial court erred in giving MAI 3.01 without modifying it "to tell the jury that the burden was on the defendant to cause the jury to believe the propositions necessary to support its [third-method] converse instruction." By Instruction No. 3 defendant hypothesized facts which if believed by the jury defeated plaintiff's claim and as to these facts defendant did have the burden of persuasion. MAI, p. 351. Plaintiff's complaint is that the trial court erred in not so telling the jury. Not directly perhaps but MAI 3.01 did tell the jury ". . . if the evidence in the case does not cause you to believe a particular proposition submitted or

if you are unalbe to form a belief as to any such proposition, then you cannot return a verdict requiring belief of that proposition."

Plaintiff points out that the Notes on Use for MAI 3.01 call for a specific modification on burden of proof where the defendant submits a counterclaim or an affirmative defense such as contributory negligence. Plaintiff argues that the reasoning calling for the modification placing the burden on defendant in the cases of counterclaims and affirmative defenses is equally valid for a Third-Method converse where the defendant has the burden of persuasion as to the facts defendant has submitted. Tacitly, plaintiff is arguing not what the law is but what it should be, saying "it would seem that the committee on MAI has inadvertently failed to include affirmative converses along with affirmative defenses and counterclaims as requiring modification of MAI 3.01. There does not appear to be any other reasonable explanation for its absence." We deem this worthy of consideration by the Supreme Court.[1]

As noted, the last sentence of MAI 3.01 does require the jury to believe every proposition on which it bases its verdict. Notes on Use of MAI 3.01 say "This instruction must be given in every case" and "No other instruction on burden of proof may be given." Rule 70.01(c) declares "The giving of an instruction in violation of the provisions of this rule shall constitute error, its prejudicial effect to be judicially determined." In the face of these mandates we cannot convict the trial court of error in failing to modify MAI 3.01 in the manner plaintiff now suggests.

Judgment for defendant affirmed.

DOWD, C. J., and McMILLIAN, J., concur.

---

1. Of interest and persuasive but not controlling here is the case of Bollman v. Kark Rendering Co., 418 S.W.2d 39 [18] (Mo.1967). The court acknowledged the need of a verdict director to negate an affirmative defense instruction but held it unnecessary to negate a Third Method converse instruction.