ROCKWELL INTERNATIONAL, INC., Respondent,

v.

WESTPORT OFFICE EQUIPMENT, Appellant.

No. WD 31166.

Missouri Court of Appeals, Western District.

Oct. 1, 1980.

Kevin E. Glynn, Edith L. Messina of Miller & Glynn, P. C., Kansas City, for appellant.

Alan B. Gallas, Kansas City, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is an original action on account. This appeal is from the entry of a summary judgment. The judgment is affirmed.

One point is presented on appeal. In this point, appellant alleges the circuit court erred in granting summary judgment because the pleadings and supporting documents show a genuine issue of fact in controversy between the parties.

This matter was initiated before an associate circuit judge. The claim was on account for goods sold. Appellant filed its answer in the form of a general .denial. Subsequently, appellant filed a counterclaim, and when challenged for its failure to file within the required 20 days and with the fact that the counterclaim exceeded the jurisdiction of the court, appellant voluntarily dismissed its counterclaim without prejudice. Judgment was entered for the sum prayed for ($5,000.00) and appellant filed an appeal to the circuit court.

While the matter was pending before the circuit court, respondent filed a request for admissions pursuant to Rule 59.01. Following appellant's response to the request for admissions, respondent filed a motion for summary judgment. The circuit court entered summary judgment. Appellant then moved to set aside the summary judgment, asking leave to file suggestions in opposition thereto. Such leave was granted and subsequent to the filing of the suggestions, summary judgment was again entered. This appeal followed.

The record shows appellant's response to respondent's request for admissions admitted the allegations contained within respondent's petition and admitted each material element of respondent's claim. Appellant argues before this court that by amending its responses to the request for admissions, a genuine issue of fact in controversy between the parties is displayed. This court has difficulty in agreeing with appellant's claim that even by amended answer, a genuine issue of fact is displayed; but be that as it may, the disposition of the question turns upon the fact that the record reflects appellant was never given leave to amend its response to the request for admissions. Rule 59.01(b) clearly outlines the effect of an admission and reads as follows:

"(b) *Effect of Admission.* Any matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 62.01 governing amendment of a pre–trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Any admission made by a party under this Rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding."

See also *Young v. Frozen Foods Express, Inc.*, 444 S.W.2d 35 (Mo.App.1969).

■ Absent any showing of withdrawal or amendment to an admission with the approval of the court binds a party to that admission, see Rules 59.01 and 62.01, in conjunction therewith, and *Young v. Frozen Foods Express, Inc., supra.*

Appellant further argues that it was entitled to pursue its counterclaim against respondent before the circuit court on appeal from the associate circuit court. Appellant filed and then dismissed its counterclaim in the associate circuit court after respondent moved to dismiss the counterclaim pursuant to § 517.240, RSMo 1978. No other pleadings were filed in the associate circuit court. This left the matter before the court upon a petition on account for goods sold, with a responsive pleading as an answer in the form of a general denial.

Section 512.280, RSMo 1969, the then applicable statute, provides:

"The same cause of action and no other, that was tried before the magistrate, shall be tried before the appellate court upon appeal . . ."

In addition, § 512.290, RSMo 1969, the then applicable statute, provides:

"In cases wherein the summons shall be personally served on the defendant, no set–off nor counterclaim shall be pleaded in the appellate court that was not pleaded before the magistrate."

For an interpretation of the applicability of the principles contained within § 512.290, see *Lindburg v. Quinn*, 123 S.W.2d 215 (Mo. App.1939), wherein the court, at 217, held:

"It is the established law in this state that matters which constitute a counterclaim to an action begun in a justice of the peace court must be set up as a defense, and a statement thereof must be filed before the trial is commenced, or the defendant cannot avail himself of such a defense either in the justice court or in the circuit court."

■ The instant case centers upon summary judgment authorized by Rule 74.-04(c), the rationale for which is the expeditious determination of a controversy as a matter of law where there is no genuine issue of fact, see *Elliott v. Harris*, 423 S.W.2d 831 (Mo. banc 1968) and *Kroh Brothers Dev. Co. v. State Line Eighty–Nine, Inc.*, 506 S.W.2d 4 (Mo.App.1974). An attending rule is that upon the entry of summary judgment, review of the record thereof is to be viewed most favorably to the party against whom the judgment was entered, see *Scott v. Thornton*, 484 S.W.2d 312 (Mo.1972) and *Waltz v. Cameron Mutual Insurance Co.*, 526 S.W.2d 340 (Mo.App. 1975).

■ Respondent filed its petition on account, appellant filed a general denial answer in defense thereto, and judgment was entered for the amount claimed due. An appeal to the circuit court followed, during the pendency of which respondent made request for admissions to narrow the issue pursuant to Rule 59.01. Response to the requested admissions left no genuine issue of fact in controversy between the parties. Appellant cannot avail itself of any amendment to its response for admissions without leave of the circuit court, see Rule 59.01(b) and *Young v. Frozen Foods Express, Inc., supra.* Appellant cannot avail itself of any defense by way of counterclaim on appeal before the circuit court since the counterclaim had not been a matter properly before the associate circuit judge upon voluntary dismissal thereof, see § 512.290 and *Lindburg v. Quinn, supra.*

The net result herein is that the circuit court had before it no genuine issue of fact in controversy between the parties, therefore, entry of summary judgment pursuant to Rule 74.04(c) was the proper action to be taken by the circuit court.

For the reasons set forth herein, appellant's alleged error is ruled against it and the judgment is in all respects affirmed.

All concur.